No. 26056

The People of the State of Colorado v. Joyce Evelyn Hannah, Richard Hannah, and Cheri Lynn Harding, a/k/a Cheri Lynn Duarte, a/k/a Cherry Lynn Dorcey, a/k/a Sheri Harding, a/k/a Cherri Lynn Musso

(514 P.2d 320)

Decided September 24, 1973.

Robert R. Gallagher, Jr., District Attorney, Eighteenth Judicial District, Jerrie F. Eckelberger, Deputy, for plaintiffs-appellants.

Epstein, Lozow and Preblud, P.C., Gary Lozow, for defendants-appellees Joyce Evelyn Hannah and Richard Hannah.

David B. Savitz, for defendant-appellee Cheri Lynn Harding.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an interlocutory appeal brought by the district attorney pursuant to C.A.R. 4.1. Defendants were charged in

the Arapahoe County district court with the offenses of possession of narcotic drugs, possession for sale of narcotic drugs, and two counts of conspiracy.

The trial court granted defendants' pretrial motions to suppress the narcotics and paraphernalia seized in a search of Apartment 202 at 850 South Birch Street in Glendale, some of which evidence was taken without the benefit of a search warrant. The court ordered that "all evidence received by the unlawful searches be suppressed." We affirm in part, reverse in part, and remand for further proceedings.

On October 23, 1972, acting on a tip from a confidential informant, Officer Dominguez of the Denver police and Officer Burke of the Glendale police prepared an affidavit and search warrant for search of the Glendale apartment of defendant Richard Hannah. The officers left the Denver police department around 8 p.m. for the home of Arapahoe County Judge, Chris Rallis, who thereafter issued the search warrant at 8:40 p.m.

In the meantime, shortly after the officers had initially departed for the Arapahoe County judge's home, Officer Ramirez, who was Dominguez' detective-partner, received a telephone call from the confidential informant who had earlier supplied Dominguez with the factual information upon which the search warrant was based. Although Ramirez had worked with Dominguez on narcotics investigation for approximately two years, Ramirez had no independent knowledge of the reliability of the informant, who was in effect Dominguez' informant. Nonetheless, acting upon the additional information supplied to him by the informant, Ramirez and another Denver officer, Detective Frazzini, proceeded directly to Glendale where, in the company of other officers (presumably Glendale policemen), they went to defendant's apartment, arriving at approximately 9 p.m. They knocked on the door, whereupon a woman partially opened the door, which was chain-locked. Ramirez announced they were police officers and demanded entry, which was refused. The officers then broke into the apartment, rounded up the occupants and advised them they

were "securing" the apartment until a search warrant arrived.

The trial court found the occupants were effectively placed under arrest and that the arrest was made by Denver officers who admitted they had no authority to make arrests in Arapahoe County under these circumstances. Colo. Sess. Laws 1972, ch. 44, § 1, 39-3-101 and 39-3-106.

The record further shows that approximately twenty minutes after the initial entry into the apartment Officers Burke and Dominguez arrived with a search warrant. A thorough search of the apartment and of the defendants was conducted. Heroin was found on the persons of defendants Joyce Hannah and Cheri Lynn Harding, and in the pocket of a man's jacket. Balloons and other paraphernalia were seized, together with substantial quantities of cash.

The court made the following specific findings:

"The evidence is in dispute as to whether a search was conducted prior to the arrival of the search warrant, but this Court concludes that a minor search was conducted and that balloons were evident on a table at the time the officers with the warrant arrived, and, thus, the apartment wasn't just 'secured,' but also searched by the early arrivals.

\* \* \*

"Considering the above, the Court can but only conclude that the unwarranted entrance into the defendants' apartment was nothing more than a brazen display of unbridled power and authority (or the lack of it), and that this foul incursion into the privacy of the defendants *tainted the entire search and ultimate seizure.* It mattered not, in this Court's opinion, that a search warrant was eventually presented. This Court need not determine whether the warrant complied with the directions of Justice Groves in *Peschong,* supra, for assuming it to be perfect in every detail, it was rendered ineffectual and meaningless by the preceding unlawful search and entering." (Emphasis added.)

The court then concluded that defendants' motions to suppress all evidence seized be granted.

■ We agree with the trial court that the forceful, warrantless entry by Officers Ramirez and Frazzini into the

apartment was flagrantly unlawful and in violation of defendants' constitutional rights under the Fourth Amendment to the United States Constitution and Section 7 of Article II of the Colorado Constitution, and we condemn their action. The evidence seized by them — a quantity of balloons — was properly suppressed.

 In this connection the district attorney asserts that the trial court erred in denying the People the right to present evidence concerning Ramirez' indirect knowledge of the confidential informant's reliability. Admittedly, Ramirez had no direct knowledge of the informant's credibility, having never worked with him in the past. The district attorney was not permitted to recall Dominguez as a witness for testimony concerning the communication of his knowledge of the informant's reliability to Ramirez. His offer of proof was found to be insufficient by the court and was denied. We find no prejudicial error in this ruling. Even though indirect knowledge of reliability might have been communicated by Dominguez to Ramirez and under the "fellow officer rule" would have satisfied the probable cause requirement (*People v. Nanes,* 174 Colo. 294, 483 P.2d 958; *People v. Leahy,* 173 Colo. 339, 484 P.2d 778), the establishing of reliability would not have justified the warrantless, forced entry into the apartment in question.

We do not agree, however, with the trial court's suppression of the narcotics and paraphernalia seized pursuant to the search warrant. It is clear from the court's findings — and the record so supports — that, after Officers Burke and Dominguez arrived with the warrant, the search uncovered heroin, additional balloons and paraphernalia. Nothing in the record demonstrates that the proper search under the warrant, which resulted in the seizure of the contraband, was infected with illegality by reason of the prior warrantless search by Ramirez and Frazzini. The test, as found in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, is: "* * * whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by

means sufficiently distinguishable to be purged of the primary taint." The record in this case clearly shows that what Ramirez and Frazzini observed and seized initially did not serve as a basis for the later search by Burke and Dominguez. In fact, Burke and Dominguez were properly engaged in obtaining a search warrant at the time of the misconduct of Ramirez and Frazzini in unlawfully breaking into the apartment. Insofar as the record shows, Burke and Dominguez had no knowledge of Ramirez' and Frazzini's actions, which were independent of and not in concert with those of Burke and Dominguez. Contrary to the court's ruling, there was no taint which required suppression of the fruits of the lawful search. Accordingly, we reverse the court's ruling suppressing the evidence seized under the search warrant.

The ruling on the motions is affirmed in part and reversed in part, as hereinabove indicated, and the cause is remanded for further proceedings consonant with the views herein expressed.