No. 25712

The People of the State of Colorado v. Benjamin E. Boorem and Larock Isely

(519 P.2d 939)

Decided March 4, 1974.

234

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Peter H. Ney, P.C., John G. Bock, for defendants-appellants.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants were convicted by a jury in the Denver district court of possession of narcotic drugs, conspiracy to possess narcotic drugs, possession of narcotic drugs for sale, and conspiracy to possess narcotic drugs for sale. We reverse the judgments of conviction.

Marijuana and related paraphernalia were found in an apartment which had been rented to appellants and which was searched under the following circumstances.

On May 7, 1971, police Officer Dennis Petersohn went to the second-floor apartment, No. 204, at 1443 Elizabeth Street. He was seeking to locate appellant, Benjamin E. Boorem, whose mother had sought the assistance of the Missing Persons Bureau. Officer Petersohn knocked on the apartment door. He heard movement from inside, which "sounded like possibly a window opening or something." He knocked again and got no response. The officer then proceeded to the rear of the apartment building and saw the south bedroom window of the apartment open, with the screen removed. Below the window on the ground was a brown paper bag in which was a "brick of plant material" which the officer believed to be marijuana.

Officer Petersohn then proceeded to the manager's apartment and asked her to unlock the apartment for the purpose of checking to see if Mr. Boorem was all right, since, as he explained, he could not get any response although he had heard something inside the apartment. The manager unlocked the door, but a night security chain prevented the door from being opened more than four to five inches. Officer Petersohn testified that as he peered through the opening he saw more green material that "looked and smelled like marijuana" on a table right inside the door. He then had the manager obtain a screwdriver by means of which he removed the security chain and entered the apartment.

No one was found in the apartment. The officer observed the south bedroom window open and the screen lying on the floor. He then radioed for assistance to have the apartment secured while he left the premises and obtained a search warrant. Upon his return, a thorough search of the apartment revealed further marijuana, scales, paraphernalia, identification papers and rent receipts indicating that the apartment had been rented to the appellants.

Appellants' pretrial motion to suppress all items listed in the return and inventory was denied. The court concluded

that "the officers heard and observed what would have to be considered at least the foundation for exigent circumstances * * *." The court concluded that there was probable cause for the issuance of the warrant. The motion to suppress was renewed at trial and again denied by the court.

We hold under the circumstances of this case that the unauthorized initial unlocking of the apartment door and the warrantless forced entry into the apartment that followed were illegal in violation of appellants' constitutional rights under the Fourth Amendment to the United States Constitution and Article II, Section 7, of the Colorado Constitution. As often stated, the burden of proof is upon the People to establish facts and circumstances which bring a warrantless search and seizure within one of the exceptions to the warrant requirements. *People v. Ortega,* 173 Colo. 564, 481 P.2d 727; *People v. Valdez,* 173 Colo. 410, 480 P.2d 574. No facts were developed here which in our view justified the warrantless entry into appellants' apartment.

It is clear beyond doubt that absent a showing of authority from the tenant to the apartment manager, the manager cannot authorize or permit an entry into a tenant's apartment in the absence of exigent circumstances. *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; *Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828; *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153; *Condon v. People,* 176 Colo. 212, 489 P.2d 1297. The record is without any evidence whatsoever of authority vested in the apartment manager to unlock and permit entry into the apartment here. Likewise, there was no arrest involved incidental to which the entry might have been justified.

The plain view doctrine has no valid application here for the obvious reason that the view of the marijuana on the table, seen through the opening in the doorway after the door had been unlocked and partially opened, was the product of an unlawful entry.

The record does not demonstrate exigent circumstances. No showing of an emergency was made which

justified the warrantless entry. In *United States v. Rubin*, 474 F.2d 262 (3rd Cir. 1973), the Court in discussing exigent circumstances, observed:

"* * * The emergency circumstances will vary from case to case, and the inherent necessities of the situation at the time must be scrutinized. Circumstances which have seemed relevant to courts include (1) the degree of urgency involved and the amount of time necessary to obtain a warrant * * *; (2) reasonable belief that the contraband is about to be removed * * *; (3) the possibility of danger to police officers guarding the site of the contraband while a search warrant is sought * * *; (4) information indicating the possessors of the contraband are aware that the police are on their trail * * *; and (5) the ready destructibility of the contraband and the knowledge 'that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic,' * * *."

None of the above existed in this case, nor were any other similar circumstances shown. Further, absence thereof is indicated by the fact that after the initial unlawful entry Officer Petersohn finally determined to get a search warrant. It was a routine matter to call for and obtain the presence of another officer to secure the apartment while he went to headquarters and obtained a search warrant. Finally, denial of the motion to suppress and the subsequent admission in evidence of contraband seized cannot be justified on the tardy issuance of the search warrant. The entry and search was illegal at its inception and nothing intervening occurred to validate it under the facts here shown. *Silverthorn Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; *Condon v. People, supra; Wilson v. People,* 156 Colo. 243, 398 P.2d 35. *Cf. People v. Hannah,* 183 Colo. 9, 514 P.2d 320. The evidence having been so tainted, the exclusionary rule imposed by *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, mandates its suppression from evidence.

In view of our disposition, it is unnecessary to consider appellants' other assignments of error.

The judgments are reversed and the cause remanded with directions to grant appellants' motion to suppress and for a new trial.

MR. JUSTICE KELLY does not participate.