**No. 27625**

**The People of the State of Colorado v. Ralph McClaugherty**

(566 P.2d 361)

Decided July 11, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Stephen A. Tisdel, District Attorney, Sixteenth Judicial District, for plaintiff-appellant.

Carvell & Mullens, Steven U. Mullens, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an interlocutory appeal under C.A.R. 4.1 from the order of the Otero County District Court suppressing items of evidence which the People seek to introduce in the prosecution of appellee. We reverse the district court order.

Three separate informations, two filed in Otero County and one in Bent County, charged appellee Ralph McClaugherty with felony theft of bees and beehives under section 18-4-401, C.R.S. 1973 (1976 Supp.). The cases were consolidated for preliminary hearing, after which the court found probable cause for each charge.

Appellee filed a suppression motion seeking to prevent admission into evidence of property allegedly stolen by him and seized by police officers. The items were seized during warrantless searches of the Mills Ranch in El Paso County on November 19, 20 and 21 and of a truck owned by appellee and parked at 1811 South Nevada, Colorado Springs, on November 20, 1976.

A suppression hearing was held on March 21, 1977. Harlan Johnston, who was in the beekeeping business with his brother Larry, testified that on November 18, 1976, he noticed that twenty-one colonies of bees were missing from two bee yards. The following day, he rented an airplane and flew over the Mills Ranch near Colorado Springs. He saw a number of bee boxes on the ground and appellee's pickup truck nearby. Johnston and two other men then drove to the Mills Ranch. There, they were joined by two members of the El Paso County sheriff's department and later by a detective from Colorado Springs.

They spoke with Ruth Strain, secretary-treasurer of Mills Ranches, Inc., who was in charge of the ranch at that time. She gave the officers permission to enter the pasture where the beehives were seen.

They proceeded to the pasture, which was located about one-half mile from the ranch office, one-fourth mile from the nearest house, and one hundred fifty to two hundred feet from a county road. The only structure in the area was a "broken down lean-to" in which bee boxes were located. Mrs. Strain described the area as open pasture. She testified that the area was freely accessible through an unlocked gate. The parties stipulated that appellee was at least a tenant at will, using the pasture area with the owners' permission. Mrs. Strain testified that appellee "enjoyed no small

amount of exclusive use" of the area where the bee equipment was found.

The Johnston brothers identified some of the bee equipment there as their own. The police searched appellee's bee yard at Mills Ranch again on November 20, 1976, seizing more bees, hives and equipment. Hives and equipment belonging to one Bill Baublits were seized on November 21, 1976. There was no evidence of consent to these latter two searches.

On November 20, 1976, appellee's two-ton flatbed truck was found parked in Colorado Springs on private property, 150 yards off the street and adjacent to a parking lot used by a restaurant and another business. Beehives and equipment lay on the truck's open bed. After Harlan Johnston arrived at the scene, he and members of the El Paso County sheriff's department examined the cargo, which Johnston identified as belonging to his business.

The record is clear that appellee did not consent to any of the searches.

The district court suppressed the results of the three searches of the ranch and the search of appellee's truck. Regarding the searches, the court found that "no exigent circumstances existed" for proceeding without a warrant.

In challenging the order suppressing the results of the ranch searches, the People rely on *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed.2d 898, which observed that
"the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers and effects,' is not extended to the open fields."
Thus, argue the People, the search and seizure of the stolen property lying in the open pasture did not require compliance with the Fourth Amendment.

■ As a per se exception to the Fourth Amendment, the "open fields" doctrine of *Hester* retains little vitality. Although still cited by the United States Supreme Court on occasion, *e.g., Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607; *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706, the "open fields" doctrine has been substantially undermined by *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, where it is stated "the Fourth Amendment protects people, not places." Instead *Hester* is now viewed as merely an application of the principle that Fourth Amendment protections do not apply where no reasonable expectation of privacy exists. *United States v. Freie*, 545 F.2d 1217 (9th Cir. 1976). *Contra, Conrad v. State*, 63 Wis.2d 616, 218 N.W.2d 252.

■ Thus read, *Hester* nonetheless supports the People's contention that the search of the open pasture and seizure of bee equipment were not a search and seizure of constitutional dimension. The evidence showed that appellee could not have held a reasonable expectation of privacy with

respect to his leasehold interest in pasture area accessible to ranch employees. Consequently, the district court erred in suppressing the results of these three searches for lack of exigent circumstances excusing the failure to obtain a search warrant. Here, neither warrant nor exigent circumstances were required because the actions fell outside the protections of the Fourth Amendment. *See People v. Becker*, 188 Colo. 160, 533 P.2d 494.

The same principles govern the seizure of bee equipment from appellee's flatbed truck on November 20. The stipulated facts and photographs introduced into evidence satisfactorily show that the truck was parked where it was plainly visible to the general public. Whether the police officers entered private property to view the truck is irrelevant to our decision. *People v. Johnson*, 192 Colo. 483, 560 P.2d 465; *Conrad v. State, supra*

The ruling is reversed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE CARRIGAN does not participate.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The burden of proof, of course, was upon the district attorney to establish facts and circumstances which would bring the warrantless searches and seizures here within the exceptions to the warrant requirements of the Fourth Amendment to the United States Constitution and Article II, section 7 of the Colorado Constitution. In my view, there was a total failure to do so and the conclusion of the district court that the evidence seized should be suppressed was proper.

Concerning the search and seizure of November 19, the consent of the ranch landlord was not sufficient to authorize the search of the pasture where the items were seized. *Stover v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; *Chapman v. United States*, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828; *People v. Boorem*, 184 Colo. 233, 519 P.2d 939; *Condon v. People*, 176 Colo. 212, 489 P.2d 1297. There is no evidence that the defendant granted his landlord authority to consent to an entry into the pasture for the purposes of the search; and the record discloses no consent whatsoever to the subsequent ranch searches. Similarly, the warrantless search of the truck located on private property, 150 yards from the public road, was not supported by the defendant's consent.

The record is also devoid of substantial evidence from which it could be concluded that the items seized were in plain view, as is argued by the district attorney. No testimony was offered that the bee boxes and equipment, as seen from the airplane, were identifiable as property stolen from the Johnstons. Also, it was not established that the bee boxes on the

flatbed truck, as viewed from the public road, were stolen property. The view from the air and the roadway of this equipment would at most raise a reasonable suspicion for the issuance of a warrant.

Nowhere in the record is there any suggestion of an emergency situation that timewise would preclude the officers from obtaining a search warrant. There was no demonstration of exigent circumstances that would justify the warrantless search.

Finally, the record does not support the district attorney's contention that defendant had no reasonable expectation of privacy regarding the pasture area and the flatbed truck, thus taking these searches outside the ambit of the Fourth Amendment. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. In particular, the scant record in this case fails to support any finding that the prosecution met its burden of proof in showing that no expectation of privacy existed. To evade the warrant requirement by finding the Fourth Amendment totally inapplicable in this context is to invert the burden of proof and invite the prosecution to short-cut constitutional restraints upon intrusion by police officers.

In sum, the district attorney failed to sustain his burden or to justify the warrantless searches.