577 P.2d 892
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Dana (NMN) CHORT and Christopher
Eugene Heald, Defendants-Appellants.**

No. 3356.

Court of Appeals of New Mexico.

April 4, 1978.

Dan B. Buzzard, Clovis, for defendants-appellants.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendants were indicted for possession of more than one hundred pounds of marijuana with intent to distribute contrary to § 54–11–22(A)(1)(C), 1976–1977 Interim Supp. Defendants moved to suppress the evidence on the grounds that there was no theory upon which the warrantless search could be sustained within the perimeters of the Fourth Amendment of the United States Constitution and Art. II, § 10 of the New Mexico Constitution. The trial court denied the motion to suppress on the ground that " . . . the garden area is an open field, and that there is no reasonable expectation of privacy that could be had by these Defendants with regard to this property." We granted defendants' application for an interlocutory appeal and reverse the trial court.

FACTS

Defendant Chort is the owner of and resides on a ten acre tract of land. The record is unclear but defendant Heald appears to be a friend of Chort. The tract is square—660 feet long on each side. The property is bounded on the east side by a county road. The three remaining sides of the property are bounded by open pasture land. The tract is not fenced. Within the tract is a garden. The garden is fenced with twelve inch boards placed horizontally with an approximate four inch space between the boards. The fence is from five feet two inches to four feet nine inches in height. From any point off the property it

would be impossible to see into the garden from a height of ten feet (the approximate height of a person on horseback).

Officer Johnson talked to a farmer on August 30th and was informed that there was a possibility of marijuana being grown in the garden. On September 6th Officer Johnson went to Chort's place with a truck, trailer and horse. The sole purpose was to check out the possibility of marijuana being grown in Chort's garden. He stopped on the county road in front of Chort's house and had a discussion with Chort. Johnson stated that Chort vaguely identified property lines. Johnson drove on down the road some distance and stopped. He then rode his horse across the open pasture back to Chort's place, to a point within thirty feet of the garden fence. From this vantage point he could see inside the fence and recognized marijuana plants growing in the garden. Johnson stated that he did not believe he was trespassing. However, the trial court, at the end of the testimony, stated " * * * the Court feels that he [Johnson] knew that he was on Defendant's land * * * " and " * * * we're talking about a situation here where the officer had no right to be where he was. It was definitely a trespass * * * ." Based on what Johnson saw a warrant was issued, the premises were searched and the marijuana was seized.

## THE SEARCH

We confine our discussion to the protection of privacy afforded by the Constitution rather than the increasingly discarded fictional and procedural barriers resting on property concepts. *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). In so doing, we do not disturb our holding in *State v. Aragon,* 89 N.M. 91, 547 P.2d 574 (Ct.App. 1976) and the discussion therein regarding curtilage. What we hold today is consistent with *Aragon,* supra, in that we are dealing with a reasonable expectation of privacy which has been violated by an unreasonable government intrusion.

■ The Fourth Amendment protects people, not places. What a person knowingly exposes to the public is not protected by the Fourth Amendment and what he seeks to preserve as private even in an area accessible to the public may be constitutionally protected. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Justice Harlan's concurring opinion in *Katz,* supra, states how inquiry should be made in determining what is a "constitutionally protected area":

" * * * [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.' Thus a man's home is, for the most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited. * * * "

■ The "open field" doctrine of *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924) is not a talismanic solution. The "open field" doctrine must be viewed in light of the facts of each case subject to the requirements of *Katz,* supra. See *People v. Bradley,* 1 Cal.3d 80, 81 Cal. Rptr. 457, 460 P.2d 129 (1969).

■ Applying the foregoing law to the facts of the instant case it is clear that defendants, by the placement of the garden surrounded by an almost solid five foot fence, exhibited an actual expectation of privacy. Further, this expectation of privacy was such that society would recognize as reasonable. It would not be unreasonable to expect the shielding of the garden was for the purpose of privacy.

Reversed. The motion to suppress should have been granted.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.