**STATE of Utah, Plaintiff and Respondent,**

v.

**Sheldon Lynn SHREVE, Defendant and Appellant.**

No. 18497.

Supreme Court of Utah.

June 22, 1983.

Leo G. Kanell, Milford, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a jury conviction of production of marijuana, in violation of U.C.A., 1953, § 58–37–8(1)(a)(i).

In 1981, defendant, by earnest money agreement, obtained an interest in a 20-acre unimproved lot in a remote area of Iron County. The property was subject to a pre-existing mortgage, and was in an isolated area, where a few people had summer homes. Shortly before defendant's arrest in June, 1981, two deputy sheriffs had gone to a home in the area to return stolen property recovered after a series of burglaries. The deputies inquired if anything unusual had happened in the area. They were told that, shortly before, a vehicle drawing

a trailer had gone down a nearby road. The road traversed the aforementioned 20-acre lot, and was used by other owners to get to their property and by the deputies to patrol the area.

The deputies followed the vehicle's tracks to the place where it had stopped. There, the deputies saw the defendant and several five-gallon cans in which marijuana plants, about four to five feet high, were growing. The defendant told the deputies that he had recently purchased the lot and he was removing plants that he had found there. Defendant indicated that there were more plants back in the trees. He then led the deputies to an enclosed, cultivated area, where there were more growing plants. Defendant was then arrested, after which the officers found still more plants at the end of a footpath. All this occurred without a search warrant, and without defendant's objection.

On appeal, the defendant urges, *inter alia,* that (1) he was refused time within which to prepare a defense; (2) he was denied a speedy trial; and (3) the court and jury were prejudiced because defendant had filed a civil suit against the county. These issues are meritless and without any legitimate basis advanced by defendant either on the facts or by any authority cited.

Defendant also contends that it was error for the court to refuse an instruction to the effect that "possession" of marijuana is an offense included in "production" of a controlled substance. It has been held by this Court in *State v. Echevarrieta,* Utah, 621 P.2d 709 (1980) that such "possession" is *not* an included offense.

The only point raised on appeal that has a debatable aspect is whether the search was reasonable without a warrant. The only authoritative case upon which the defendant relies is *Katz v. United States.*[1] That case suggests that the Fourth Amendment "protects people, not places" and that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." The test contemplates an expectancy of privacy that is objectively reasonable. The defendant relies entirely on the addendum found in Mr. Justice Harlan's concurring opinion to the effect that:

> [T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and second, that the expectation be one that society is prepared to recognize as "reasonable."

The language of either the majority *or* the concurring opinion spells out a test that is dispositive here. Defendant was discovered in an open field of a rural area with no dwelling houses or other buildings nearby.[2] The deputies saw no gates where the road entered the land nor any no trespassing signs. The road had been patrolled on previous occasions and there was nothing to indicate to the deputies that they were entering private property. The road was used by other landowners in the area to gain access to their land. Defendant did not actually hold title to the land, but had signed an earnest money agreement and apparently intended to purchase the lot if foreclosure was successful against the record owner. These facts lead to the conclusion that defendant could not reasonably have expected privacy as to the plants in open view on this property.[3]

---

**1.** 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

**2.** Although largely dependent on the facts, courts have traditionally held that there is no justified expectation of privacy where the search is of an open field. *State v. Chort,* 91 N.M. 584, 577 P.2d 892 (1978); *People v. McClaugherty,* 193 Colo. 360, 566 P.2d 361 (1977); *United States v. Freie,* 545 F.2d 1217 (9th Cir.1976); *Patler v. Slayton,* 503 F.2d 472 (4th Cir.1974); *United States v. Pruitt,* 464 F.2d 494 (9th Cir.1972). *See also People v. Bradley,*

1 Cal.3d 80, 81 Cal.Rptr. 457, 460 P.2d 129 (1969).

**3.** The fact that some of the plants were not visible from the road does not affect the admissibility of the evidence in view of defendant's implied consent to search the area. Prior to his arrest, defendant voluntarily led the deputies to an area where more plants were growing. There is no suggestion in the record that defendant objected to a further search of the area.

This Court has embraced the *Katz* test of constitutionally protected privacy against a warrantless search in *State v. Lee,* Utah, 633 P.2d 48 (1981). In that case, we cited *Echevarrieta, supra,* and stated as follows:

For an officer to look at what is in open view from a position lawfully accessible to the public cannot constitute an invasion of a reasonable expectancy of privacy.

Defendant contends that the officers acted in bad faith in this case, which constituted a reason to suppress the evidence. The record does not support such a claim but, on the contrary, reflects good faith on their part, justifying admission of the evidence.

The verdict and judgment are affirmed.

STEWART, J., concurs in the result.