The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Jerry MALCZEWSKI, Defendant-Appellee.

No. 86SA285.

Supreme Court of Colorado, En Banc.

Oct. 5, 1987.

Rehearing Denied Nov. 2, 1987.

Kurt P. Schulke, Dist. Atty., Robert H. Wheeler, Chief Deputy Dist. Atty., Georgetown, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellee.

QUINN, Chief Justice.

The question on this appeal is whether the district court erred in dismissing criminal charges of second and third degree assault on the basis that the defendant, Gary Malczewski, was immune from prosecution under section 18–1–704.5, 8B C.R.S. (1986), which under certain circumstances grants immunity to an occupant of a dwelling for using physical force against an unlawful intruder. We conclude that there is insufficient evidence to support the statutory conditions for immunity, and we accordingly reverse the judgment and remand the case for further proceedings.

I.

The defendant was charged in a two-count information with second and third degree assault. Count 1 alleged that on November 25, 1984, the defendant, in Clear Creek County, Colorado, knew or reasonably should have known that James Gragg was a police officer and, with intent to prevent the officer from performing a lawful duty, intentionally caused bodily injury to the officer. *See* § 18–3–203(1)(c), 8B C.R.S. (1986). Count 2 alleged that the defendant on that same occasion knowingly or recklessly caused bodily injury to William Mehrer. *See* § 18–3–204, 8B C.R.S. (1986). A preliminary hearing was conducted before the Clear Creek County Court, and the county judge determined that probable cause existed and ordered the defendant bound over to the district court.

The defendant filed a motion requesting the district court to dismiss the case on the basis that he was immune from prosecution

under the provisions of section 18–1–704.5, 8B C.R.S. (1986). The district court resolved the motion by reviewing the evidence presented at the preliminary hearing, which consisted solely of the testimony of James Gragg, an Idaho Springs police officer.

The preliminary hearing testimony of Officer Gragg established the following facts. Gragg was on routine patrol duty in the early morning hours of November 25, 1984, and was suddenly flagged down by the defendant's wife, Judy Baker. Baker told the officer that her husband had broken into her niece's house and had taken "their baby" (the defendant's and Baker's baby) back to the apartment where Baker lived with the defendant. Baker expressed considerable concern for the safety of the baby, since her husband had been drinking, and she asked for Gragg's assistance in getting her baby back.

Officer Gragg and Baker went to the apartment complex, and Gragg knocked on the apartment door. The defendant came to the door but did not open it. Rather, he opened the screen to the window and asked the officer, who was in full uniform with his badge displayed, why he was there. The officer could hear the baby crying in the background at this time and explained that he and Baker were concerned for the baby's safety and that Baker wanted her baby back.

The defendant refused to let the officer enter the apartment, went to the interior of the apartment, and then returned to the door with the baby in his arms. After the defendant opened the door, Gragg entered the doorway in order to ensure that the door would not be closed on him. While Officer Gragg was discussing the situation with the defendant, the defendant suddenly began beating the officer with one hand while he held the crying baby in his other arm. The officer used his police club on the defendant's legs in an effort to defend himself and to save the baby from any harm. The defendant subsequently knocked Officer Gragg to the floor, put the baby down, and began to hit and kick the officer. William Mehrer, who was in the area and apparently had become aware of a problem at the apartment, came to the officer's assistance in restraining the defendant. Officer Gragg suffered injuries on his head and throat, and Mehrer was also slightly injured in the affray.

After hearing arguments of counsel, the district court determined: (1) that Officer Gragg's entry into the apartment was unlawful; and (2) that the defendant reasonably believed that the officer intended to commit either the crime of kidnapping, § 18–3–302, 8B C.R.S. (1986), or violation of a custody order, § 18–3–304, 8B C.R.S. (1986), after illegally entering the apartment. The court accordingly concluded that the defendant was entitled to statutory immunity from prosecution and dismissed the charges. The People thereafter filed this appeal, claiming that the evidence does not support the statutory conditions for immunity under section 18–1–704.5.[1]

## II.

Section 18–1–704.5, 8B C.R.S. (1986), states, in pertinent part, as follows:

(1) The general assembly hereby recognizes that the citizens of Colorado have a right to expect absolute safety within their own homes.

(2) Notwithstanding the provisions of section 18–1–704 [use of physical force in defense of a person], any occupant of a dwelling is justified in using any degree of physical force, including deadly physical force, against another person when that other person has made an unlawful entry into the dwelling, and when the occupant has a reasonable belief that such other person has committed a crime in the dwelling in addition to the uninvited entry, or is committing or intends to commit a crime against a person or property in addition to the uninvited entry, and when the occupant reasonably believes that such other person might use

1. The People prosecute this appeal pursuant to section 16–12–102(1), 8A C.R.S. (1986), which authorizes the prosecution to appeal any decision of a trial court in a criminal case upon any question of law.

any physical force, no matter how slight, against any occupant.

(3) Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from criminal prosecution for the use of such force.

In *People v. Guenther,* 740 P.2d 971 (Colo. 1987), we held that when the statutory immunity created by this statute is invoked prior to trial as a bar to criminal prosecution, the burden is on the defendant to establish by a preponderance of evidence that:

(1) another person made an unlawful entry into the defendant's dwelling; (2) the defendant had a reasonable belief that such other person had committed a crime in the dwelling in addition to the uninvited entry, or was committing or intended to commit a crime against a person or property in addition to the uninvited entry; (3) the defendant reasonably believed that such other person might use physical force, no matter how slight, against any occupant of the dwelling; and (4) the defendant used force against the person who actually made the unlawful entry into the dwelling.

740 P.2d at 981. We also addressed in *Guenther* the effect of the court's ruling on a pretrial motion to dismiss based on section 18–1–704.5:

If, of course, a court finds that the defendant seeking immunity has met the appropriate burden of proof, then the court must grant immunity from prosecution and dismiss the charges to which the immunity bar applies. If, on the other hand, the court determines that the defendant has not met his burden of proof and denies the motion to dismiss the charges, there is nothing in section 18–1–704.5 to suggest that the defendant should somehow be precluded from raising the same statutory conditions for immunity as an affirmative defense to the charges at trial.

\* \* \* \* \* \*

Thus, if the pretrial motion to dismiss on grounds of statutory immunity is denied, the defendant may nonetheless raise at trial, as an affirmative defense to criminal charges arising out of the defendant's use of physical force against an intruder into his home, the statutory conditions set forth in section 18–1–704.-5(2). In such an instance, the burden of proof generally applicable to affirmative defenses would apply to the defense created by section 18–1–704.5(2). The defendant would be required to present some credible evidence supporting the applicability of section 18–1–704.5(2); and, if such evidence is presented, the prosecution would then bear the burden of proving beyond a reasonable doubt the guilt of the defendant as to the issue raised by the affirmative defense as well as all other elements of the offense charged. § 18–1–407, 8B C.R.S. (1986).

740 P.2d at 981.

Since in the instant case the defendant raised the immunity issue by a pretrial motion to dismiss, it was incumbent upon the defendant to present sufficient evidence to permit a court to find under the preponderance-of-evidence standard that the statutory conditions for immunity were satisfied. *Guenther,* 740 P.2d at 980–81. It is to that question that we now turn.

### III.

The district court expressly found that Officer Gragg's warrantless entry into the defendant's apartment was illegal and that the defendant reasonably believed that the officer, in addition to making the uninvited entry, intended to commit either kidnapping or violation of a custody order after making the illegal entry. We conclude that the defendant failed to present sufficient evidence to support the district court's findings under the preponderance-of-evidence standard.[2]

---

2. We recognize that when the legality of a warrantless police entry is challenged on a motion to suppress evidence, the burden of proving an applicable exception to the warrant requirement is on the prosecution. *Chimel v. California,* 395 U.S. 752, 762, 89 S.Ct. 2034, 2039, 23 L.Ed.2d 685 (1969); *People v. Dandrea,* 736 P.2d 1211, 1216 (Colo.1987). In this case, however, we are

 A police officer's warrantless entry into a home, while presumptively unconstitutional, may nonetheless be justified under the exigent circumstances exception to the warrant requirement. *See, e.g., Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *McCall v. People,* 623 P.2d 397 (Colo.1981). Exigent circumstances justifying a police officer's warrantless entry into a home have been limited to those situations involving a bona fide pursuit of a fleeing suspect, the risk of immediate destruction of evidence, or a colorable claim of emergency threatening the life or safety of another. *See McCall,* 623 P.2d at 402. The emergency variant of the exigent circumstances exception requires a showing of an immediate crisis inside the home and the probability that police assistance will be helpful in alleviating that crisis. *E.g., People v. Amato,* 193 Colo. 57, 562 P.2d 422 (1977) (fire fighters and police officers responding to an emergency call for resuscitation to treat a possible drug overdose could lawfully make warrantless entry into apartment under emergency exception, and seizure of drugs inside the apartment was justified under plain view exception to warrant requirement). In determining whether the emergency exception has been satisfied, a court must examine the totality of circumstances, including the delay likely to be occasioned by obtaining a warrant, the character of the investigation, and the potential risk posed to other persons from any unnecessary delay, and must evaluate those circumstances as they would have appeared to a prudent and trained police officer at the time of the challenged entry. *United States v. Brown,* 540 F.2d 1048, 1055 (10th Cir.1976), *cert. denied* 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977); *United States v. Rubin,* 474 F.2d 262 (3d Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38

L.Ed.2d 68 (1973); *People v. Boorem,* 184 Colo. 233, 519 P.2d 939 (1974).

We are satisfied in this case that Officer Gragg, based on the statements made to him by Judy Baker, had reason to believe that an immediate crisis existed with respect to the safety of the baby and that his entry into the apartment would be helpful in alleviating that crisis. Although Officer Gragg explained to the defendant why he was there, the defendant refused to let him in, and Officer Gragg had little choice at this point but to enter the apartment in order to secure the safety of the child.

Moreover, section 19–2–101(1)(b), 8B C.R.S. (1986), expressly authorizes a law enforcement officer to take a child into temporary custody without order of court when the child is "seriously endangered in his surroundings ... and immediate removal appears to be necessary for his protection." Since Judy Baker's statements to Officer Gragg provided him with reason to believe that the child was seriously endangered inside the apartment, the officer was fully justified in entering the apartment in order to take the child into temporary custody for its own protection. *Cf. Griffin v. Pate,* 644 P.2d 51 (Colo.App.1982) (officer acted within scope of his statutory authority in recovering child from home and taking child in protective custody without court order and over protest of mother and older son, where officer had reason to believe that child, who had welts on her back and was fearful of going home, was in physical danger inside home). Simply stated, there is no evidence supporting the district court's determination that the officer's entry into the apartment was unlawful.[3]

### IV.

 In addition to the lack of evidentiary support for the court's finding of an illegal

---

not dealing with a defendant's pretrial motion to suppress evidence. Rather we are dealing with a motion to dismiss based on the statutory conditions for immunity contained in section 18–1–704.5. In such a situation, our recent decision in *Guenther* makes clear that the defendant bears the burden of establishing by a preponderance of the evidence that the statutory conditions have been satisfied.

**3.** Because we determine that the officer's warrantless entry into the apartment was justified under the exigent circumstances doctrine, it is unnecessary for us to consider whether the warrantless entry might also have been justified under the consent exception to the warrant requirement.

entry, there is another reason why the judgment of dismissal must be reversed. The record is devoid of any evidence supporting the district court's finding that the defendant reasonably believed that Officer Gragg intended to commit the crime of kidnapping or violation of a custody order after his entry into the apartment. There is nothing in the preliminary hearing testimony indicating that the defendant and Baker were separated or going through divorce proceedings at the time of the offenses in question. Nor is there any suggestion in the record that Baker did not have custodial rights over the child at least equal to those of the defendant. What the evidence does show is that Officer Gragg was in full police uniform when he knocked on the defendant's door and explained to the defendant that he was there at the request of Baker to check on the baby's safety. There is not a scintilla of evidénce to support the finding that the defendant under these circumstances harbored a reasonable belief that the officer's purpose in entering the apartment was to kidnap the child or to unlawfully take the child from its lawful custodian, whoever that might have been.

### V.

We also note that the district court never addressed the defendant's claim of immunity with respect to the count of third degree assault allegedly committed against William Mehrer. Our review of the record satisfies us that there is no evidence supporting any of the conditions for immunity with respect to that count.

The judgment of dismissal is accordingly reversed and the case is remanded to the district court for further proceedings.