## No. 27434

## The People of the State of Colorado v. Mike Amato

(562 P.2d 422)

Decided April 11, 1977.

Dale Tooley, District Attorney, William R. Rapson, Chief Appellate Deputy, for plaintiff-appellant.

Lamm, Young & Reimer, Tom W. Lamm, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

 This is an interlocutory appeal by the People from a trial court ruling suppressing drugs and paraphernalia first observed by a fire department resuscitation unit responding to an emergency call. These items were pointed out to police officers who also had responded to the emergency call. The items were seized and were sought to be used in the prosecution of defendant Amato for unlawful possession of narcotics. After a hearing, the trial court found that no emergency existed which justified the seizure of the objects without a search warrant. We hold that the resuscitation unit and police officers were validly on the premises in response to an emergency call and that the drugs and paraphernalia found in plain view are admissible. We therefore reverse the trial court's suppression ruling.

Testimony at the hearing revealed the following facts. Defendant Amato shared an apartment with a female companion. She heard defendant fall down in the bathroom and called out to him. Receiving no answer she requested the landlady to call 911, the emergency phone number for securing fire, police, and ambulance assistance. On the basis of this emergency call, the fire department resuscitation unit, an ambulance, and police were dispatched.

The fire department was the first to respond to the dispatcher's emergency call for a resuscitation unit to treat a "possible overdose." They were met outside the apartment building by a woman who guided them to the apartment. They proceeded to the bathroom and entered it after knocking. The defendant's breathing and pulse were checked and when the ambulance attendants arrived within a minute or two, the defendant was moved to an adjacent bedroom where there was more room to examine and treat him. The indications were that the defendant was suffering from an overdose of drugs.

■ During this time, a fireman observed the suppressed items on top of the toilet tank in the bathroom. These items were pointed out to the police officers who arrived at the scene shortly thereafter. One of the police officers seized them. The other police officer arrested the defendant, who was then removed by ambulance to Denver General Hospital, where a cursory search of his person by police revealed two syringes. These items were also suppressed by the trial court's ruling on the ground that they were seized incident to an invalid arrest. This ground is rejected as it is clear that there was probable cause to arrest this defendant without a warrant.

■ A warrantless search and seizure is presumptively illegal, and the prosecution has the burden of establishing an exception to the warrant requirement. *E.g., People v. Neyra*, 189 Colo. 367, 540 P.2d 1077 (1975). We agree with the prosecution's assertion that the seizure was valid under the plain view exception to the warrant requirement. It is therefore unnecessary to examine the other theories advanced by the appellant in support of reversal.

■ The warrantless seizure of an item in plain view is permitted if the police are validly on the premises, as they were here. In *People v. Billington*, 191 Colo. 323, 552 P.2d 500, 502 (1976), we noted that:

"Repeated decisions of the United States Supreme Court and of this court make clear that once legitimately on the premises officers are not required to close their eyes to incriminating evidence plainly visible to them. *See, e.g., Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; *People v. Renfrow*, 172 Colo. 399, 473 P.2d 957."

*See also Blincoe v. People*, 178 Colo. 34, 494 P.2d 1285 (1972); *People v. LaRocco*, 178 Colo. 196, 496 P.2d 314 (1972); and *Alire v. People*, 157 Colo. 103, 402 P.2d 610 (1965).

Any inferences which may be drawn from *People v. Boileau,* 36 Colo.App. 157, 538 P.2d 484 (1975), indicating a contrary rule are rejected.

In the present case, both the resuscitation unit of the fire department and the police officers had a legal right to be present in the defendant's apartment in response to the general emergency call. The emergency doctrine fully justifies warrantless entry here. *See* Note, "The Emergency Doctrine, Civil Search and Seizure, and the Fourth Amendment," 43 *Fordham L.J.* 571 (1975); E. Mascolo, "The Emergency Doctrine Exception to the Warrant Requirement under the Fourth Amendment," 22 *Buffalo L. Rev.* 419 (1975). The scope afforded the emergency doctrine varies from jurisdiction to jurisdicton,[1] but the United States Supreme

---

[1] *Compare Bennett v. Commonwealth*, 212 Va. 863, 188 S.E.2d 215 (1972) (where police arrived at the scene of a fire to direct traffic and render other assistance their discovery of evidence in plain view was justified because the officers had been called to assist in an emergency and were therefore lawfully on the premises) and *State v. Sanders*, 8 Wash. App. 306, 506 P.2d 892, 895 (1973) (excuses warrantless entry only if entry is "to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance," and the officer must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.").

Court has never directly addressed the permissible scope of this exception.[2] Most commonly, the emergency doctrine has been treated as a variant of the exigent circumstances exception to the warrant requirement. *See United States v. Dunavan, supra; Root v. Gauper,* 438 F.2d 361 (8th Cir. 1971); *Wayne v. United States,* 318 F.2d 205 (D.C. Cir. 1963). In *People v. Boorem,* 184 Colo. 233, 519 P.2d 939 (1974), this court cited a list of factors relevant to the consideration of exigent circumstances which included (1) urgency; (2) time needed to get a warrant; (3) reasonable belief contraband would be removed or destroyed; and (4) possibility of danger to police guarding contraband while the warrant would be obtained.

■ In Colorado we have previously recognized the emergency doctrine but have not had cases which would justify its application. *See Condon v. People,* 176 Colo. 212, 489 P.2d 1297 (1971), and *People v. Boorem, supra.* Nevertheless, these cases leave no doubt that obtaining evidence or seizing contraband under the emergency doctrine must involve an immediate crisis and the probability that assistance will be helpful. In *Condon,* the owner of a rental property discovered an odor like that of a decomposing body and called the police to investigate. The police came and searched the house without a warrant from top to bottom even though the odor was strongest in the basement. No body was ever discovered but the officers found drugs and boxes of chemicals suitable for making mescaline. We there held that the odor of a docomposing body did not constitute an emergency justifying a warrantless entry. The decaying odor was itself evidence assistance was no longer possible. In addition, the search was found to be too broad and inconsistent with the asserted original intent of discovering a dead body.

In *Boorem,* we rejected the assertion that an officer's forced entry into an apartment was motivated by concern that its inhabitant might be injured and in need of assistance. The officer's actions belied his concern. When he knocked on the apartment door, he heard movement inside. He knocked again but received no response. Yet only after he had investigated the rear of the building and had discovered the screen removed from the apartment window and a brick of marijuana lying on the ground below the window, did he request the manager to open the apartment.

Clearly, the firemen and policemen in this case were legitimately and reasonably on the premises in response to the emergency call. Even under the strictest possible formulation of the emergency rule, they had reason to

---

[2] *See United States v. Dunavan,* 485 F.2d 201 (6th Cir. 1973) which suggested that the United States Supreme Court recognized the emergency doctrine in dictum in the following cases: *United States v. Jeffers,* 342 U.S. 48, 51-2 (1951); *McDonald v. United States,* 335 U.S. 451, 454 (1948); *Johnson v. United States,* 333 U.S. 10, 14-5 (1947). *See also Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

believe that the defendant was in need of their assistance and their primary purpose in being there was to render assistance and not to search for evidence. The suppressed items were in plain view on top of the toilet tank in the bathroom where the defendant had collapsed.

The suppression ruling of the trial court is reversed.