## No. 27977

### The People of the State of Colorado v. Donna J. Draper

(586 P.2d 231)

Decided November 13, 1978.

Nolan L. Brown, District Attorney, Susan R. Roberts, John R. Barksdale, for plaintiff-appellant.

Alperstein, Plaut and Snead, Arnold Alperstein, Ronald C. Forman, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney seeking reversal of a district court order suppressing evidence. Defendant Draper, charged with first-degree murder and felony child abuse, filed a pretrial motion to suppress the physical evidence seized during a warrantless search of her home. The trial court granted the motion, finding that the search was not justified by exigent circumstances or by any other exception to the warrant requirement. We affirm.

At approximately 10:30 a.m., the defendant telephoned the Lakewood Fire Department to request emergency assistance for an unconscious baby being cared for by the defendant, a babysitter. Upon arriving at the defendant's house, the firemen administered cardio-pulmonary resuscitation until medical assistance arrived. Shortly thereafter the baby was declared dead. It was later determined from an autopsy that the baby died as a result of "blunt trauma to the abdomen with internal bleeding."

At 11:00 a.m., after escorting and questioning the defendant outside of her house, police officers began an intensive search. They searched every room of the defendant's house, made diagrams, took photographs and fingerprints, and seized numerous items. The police did not obtain a warrant for this search nor did they procure defendant's consent to the search. At the time of the search, it was believed the baby may have died of a drug overdose because the defendant indicated initially that the baby may have ingested some pills. At 2:30 p.m., in accordance with the advice of the district attorney's office, the search was terminated, although police officers remained to "maintain the integrity" of the premises. Between 11:00 a.m. and 1:00 p.m., the defendant stayed at a neighbor's house and thereafter went to the police station where she remained until later in the evening.

A warrantless search is presumptively illegal under both the United States Constitution and the Constitution and laws of the State of Colorado. The prosecution has the burden of establishing an exception to the warrant requirement. *People v. Amato,* 193 Colo. 57, 562 P.2d 422 (1977); *People v. Williams,* 192 Colo. 249, 557 P.2d 399 (1976); *People v. Lorio,* 190 Colo. 373, 546 P.2d 1254 (1976). As grounds for reversal of the trial court's suppression order, the district attorney asserts that the search was justified and therefore valid under either the exigent circumstances, homicide scene, or plain view exception.

In *People v. Amato, supra,* we noted that the exigent circumstances or emergency doctrine required two elements: (1) an immediate crisis and (2) the probability that police assistance will be helpful. Thus, where there is a danger of removal, destruction, or loss of evidence as from a fire, an immediate warrantless search may be justified. *See Michigan v. Tyler,* ____U.S.____, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). A warrant also may not be required where police assistance is helpful to an overdose victim in ascertaining the type of drug taken. *See People v. Amato, supra.*

In the present case, however, prior to the search, death had occurred, and the defendant had left her house which remained under the complete control of the police. There was no danger of removal, destruction, or loss of evidence. In short, there was no immediate crisis, no probability that police presence would be helpful, and no other exigent circumstance existed which could be a basis for creating an exception to the warrant requirement. We find ample support in the record and therefore affirm the trial court's finding that there was no justification for the failure of the police to obtain a warrant before conducting this general search.

The district attorney asserts alternatively that the search was justified by a "homicide scene" or plain view exception to the Fourth Amendment. In *Mincey v. Arizona,* ____U.S.____, ____S.Ct.____, L.Ed.2d ____, 46 Law Week 4737 (1978), the United States Supreme Court unqualifiedly rejected a "murder scene exception," and in *People v. Wil-*

*liams, supra,* this court declined similarly to create an exception to the warrant requirement for homicide scene investigations.

■ Moreover, the plain view doctrine is not applicable in the present case. The search in question clearly extended beyond the items in "plain view" of the firemen who were lawfully on the premises to assist the baby. *See People v. Neyra,* 189 Colo. 367, 540 P.2d 1077 (1975).

Lastly, the district attorney contends that even if the search was unconstitutional, the trial court's order suppressing all evidence — "everything" — seized in the house is erroneously broad. The People assert that under the collateral source rule, evidence pertaining to the victim and scene, including the victim's body, autopsy report, diagrams, photographs and observational testimony, is admissible because the police would have independently obtained this evidence in the course of its homicide investigation. *See Wayne v. United States,* 318 F.2d 205 (D.C. Cir. 1963). Here, the victim's body and the autopsy report are not subject to the suppression order of the trial court. In the absence of an offer of proof by the prosecution of the specific items of evidence sought to be admitted, a showing of the crucial nature of this evidence, and a demonstration of the independent source under which this evidence would have been obtained, we decline to rule on this question.

We affirm the trial court's suppression ruling.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.