## No. 28400

## The People of the State of Colorado v. Mark Randall Gurule

(593 P.2d 319)

Decided December 26, 1978.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Terri Brake, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The People bring this interlocutory appeal to challenge an order of the district court suppressing certain evidence as being seized in violation of the defendant's Fourth Amendment rights. We reverse.

The facts are undisputed. On April 8, 1978, a shooting and robbery occurred at a Kwik-Way convenience store in Pueblo, Colorado. Based on a victim's general description of the assailant, police arrested the defendant within a few blocks of the store.

Shortly thereafter, Officer Hurtado, one of the officers investigating the crime, happened across some magazines and a twelve-pack of beer scattered on the ground behind a car parked near the store. Suspecting that these items had been stolen during the robbery, he began to check the area. As he glanced inside the car, he noticed a box of .22 caliber cartridges in plain view on the front seat console. Having been already alerted that the robber had used a pistol which the cartridges might match, Officer Hurtado immediately ran a check on the license plates. He discovered that the car belonged to the defendant, the suspect in custody at that time. At the instruction of his superiors, he then secured the area around the car which was to be towed to police headquarters, and removed the cartridges from the front seat console.

Before trial, the defendant filed a motion to suppress introduction into evidence of the box of cartridges. The trial court granted the motion, holding that neither exigent circumstances nor the "plain view" doctrine

justified the warrantless seizures of the cartridges. We do not agree.

It is elementary that warrantless searches and seizures are presumptively illegal under the Fourth Amendment of the United States Constitution and Article II, section 7 of the Colorado Constitution. Certain narrowly-defined exceptions to the warrant requirement exist, however, and one of these is the plain view doctrine. Briefly stated, that doctrine provides that no warrant is needed to seize evidence in plain view which police or similar public officials see while conducting a legitimate investigation of criminal activity. Clearly there can be no expectation of privacy in items that are in plain view. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *People v. Waits,* 196 Colo. 35, 580 P.2d 391 (1978); *People v. Amato,* 193 Colo. 57, 562 P.2d 422 (1977); *People v. Counterman,* 192 Colo. 152, 556 P.2d 481, (1976); *People v. Lorio,* 190 Colo. 373, 546 P.2d 1254 (1976); *People v. Neyra,* 189 Colo. 367, 540 P.2d 1077 (1975); *People v. Woods,* 175 Colo. 34, 485 P.2d 491 (1971).

Courts have found it necessary, however, to fashion certain restrictions upon the plain view doctrine in order to protect private citizens from general warrantless seizures being carried out under the guise of a plain view discovery. "Plain view alone is never enough to justify the warrantless seizure of evidence." *Coolidge v. New Hampshire, supra* at 468, 91 S.Ct. at 2039, 29 L.Ed.2d at 584.

Three further requirements must be satisfied. First, the police must be in a place where they are legitimately entitled to be. That is, the initial intrusion must be valid. Second, police cannot use the plain view doctrine as a pretext for a warrantless seizure of evidence they *expect* to uncover in their search. Finally, the officer seizing the evidence must have "good reason to believe" that the exposed item is incriminating evidence, although it need not be "illegal *per se.*" *People v. Mangum,* 189 Colo. 246, 539 P.2d 120 (1975); *Alire v. People,* 157 Colo. 103, 402 P.2d 610 (1965).

Judging the facts in this case by these standards, there is no question that the initial discovery of the cartridges falls within the plain view exception to the warrant requirement. Officer Hurtado was on a public street where he was entitled to be. At the time he saw the cartridges, he was carrying out a legitimate police investigation. And he had "good reason to believe" that the cartridges might match the gun used in the robbery. Not only had the victims told police that the robber wielded a pistol, but Officer Hurtado had found several items which he suspected were fruits of the robbery.

Indeed, had Officer Hurtado seized the cartridges at that moment of discovery, we would have no case before us. His seizure would certainly have been justified by the plain view doctrine. The trial court held, however, that by pausing long enough to check out the ownership of the car and secure the area, Officer Hurtado lost his justification for seizing the

cartridges. The plain view doctrine attached at the moment Officer Hurtado discovered the cartridges, and the actual physical seizure was no more than a continuation of the act of discovery. Thus, this subsequent seizure was also justified by the plain view doctrine.[1]

We recognize that a plain view discovery of evidence followed by a subsequent seizure will not always be one continuous act. Such a determination must rest on the facts in each case. We hold only that where, as here, the conclusion is unavoidable that seizure of evidence was part and parcel of discovering it in plain view, the warrantless seizure is valid. *See Michigan v. Tyler,* _____U.S. _____, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

The ruling is reversed.

MR. JUSTICE KELLEY does not participate.

---

[1] The cases relied upon by the trial court, *People v. Lorio,* 190 Colo. 373, 546 P.2d 1254 (1976), and *People v. Neyra,* 189 Colo. 367, 540 P.2d 481 (1975), are inapposite. In neither of those cases was the initial discovery of the evidence justified by the plain view doctrine.