**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Mark Randall GURULE, Defendant-Appellant.**

**No. 80SA310.**

Supreme Court of Colorado, En Banc.

May 4, 1981.

Rehearing Denied June 1, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary R. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

QUINN, Justice.

The defendant, Mark Randall Gurule (defendant), appeals his convictions for extreme indifference murder in the first degree,[1] attempt to commit first degree murder after deliberation,[2] and aggravated robbery.[3] We conclude that the defendant's conviction for extreme indifference murder is constitutionally infirm because the statutory proscription for that offense violates equal protection of the laws under the Colorado Constitution. We also conclude that the trial court committed reversible error in not granting the defendant's challenge for cause to a prospective juror. We therefore reverse and remand for a new trial. Because of this disposition, it is unnecessary for us to address the defendant's other allegations of error regarding evidential and procedural rulings by the trial court.[4]

1. Section 18–3–102(1)(d), C.R.S.1973 (1978 Repl. Vol. 8).

2. Sections 18–2–101 and 18–3–102(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).

3. Section 18–4–302, C.R.S.1973 (1978 Repl. Vol. 8).

4. The defendant's other claims include: the factual inconsistency between the convictions for extreme indifference murder and attempted murder after deliberation; the court's failure to instruct the jury on lesser forms of criminal homicide in connection with the first degree murder count; the court's failure to give the defendant's tendered instruction on eyewitness identification evidence; the admission into evidence of a box of .22 caliber shells seized from the defendant's vehicle; the court's denial of other challenges for cause during jury selection; the inclusion in count one of three different forms of first degree murder—murder after

## I.

The defendant was charged with one count of first degree murder. This count alleged in the alternative murder after deliberation,[5] or in the course of a robbery,[6] or under circumstances manifesting extreme indifference to the value of human life.[7] In separate counts he also was charged with attempted first degree murder and aggravated robbery. The charges arose out of the fatal shooting of a store clerk and the wounding of her husband in the course of a robbery on April 8, 1978. At about 10:45 that evening Robert Grasmick had gone to a Kwik-Way convenience store in Pueblo to pick up his wife, Edna, who worked as a clerk at the store. Upon his arrival his wife motioned to him to enter the store. Once inside she told him that she was having trouble with a male customer who appeared to be intoxicated. This customer eventually came to the checkout counter with some articles for an apparent purchase. At that point he produced a pistol, told the Grasmicks the gun was loaded, and instructed them to lie down on the floor and not look at him. Mrs. Grasmick apparently looked in his direction and was shot twice. A few seconds passed and Mr. Grasmick also was shot. Mrs. Grasmick died as a result of her wounds. Mr. Grasmick survived and identified the defendant as the gunman.

A Pueblo police officer responded immediately to the scene of the shooting and observed a male running through a vacant lot behind the store. Several officers searched the neighborhood and the defendant was arrested at about 11:15 p. m. two blocks north of the store. While searching for the gunman one officer discovered a .22 caliber revolver, with six empty shell casings in the cylinder, in a vacant lot approximately 100 feet from the store. At about the same time a vehicle registered to the defendant was found near the Kwik-Way store. Magazines and beer traceable to the store were found in the street directly behind the automobile. An officer observed a box of .22 caliber cartridges on the front seat of the vehicle and removed the box before the car was towed to the police station. The box had a capacity of 50 cartridges but six were missing. The shell casings recovered from the .22 caliber revolver were similar in composition to the cartridges recovered from the defendant's vehicle.[8]

In the course of jury selection the defendant utilized all peremptory challenges allotted to him. He directed challenges for cause to several jurors, all of which were denied, the most significant being his challenge to prospective juror Ruth Cornelison. Mrs. Cornelison informed the court that she had read newspaper accounts of the shooting and had formed an opinion that the defendant was "somehow implicated." In chambers the court asked her if she would adhere to that opinion regardless of the evidence at trial. She stated that "if the evidence was overwhelmingly opposed to [her opinion]," she would set it aside.[9] Again in response to the court's question about her ability to set aside her opinion,

---

deliberation, felony murder and extreme indifference murder; and the failure to credit the defendant with presentence confinement.

5. Section 18–3–102(1)(a), C.R.S.1973 (1978 Repl. Vol. 8).

6. Section 18–3–102(1)(b), C.R.S.1973 (1978 Repl. Vol. 8).

7. Prior to the commencement of jury selection the court granted the prosecution's motion to strike from count one all allegations with respect to murder after deliberation. Under the instructions and verdict forms submitted to the jury, the defendant could be found guilty of either felony murder or extreme indifference murder.

8. At a pretrial suppression hearing the court suppressed the box of ammunition seized from the front seat of the defendant's vehicle. The order of suppression was reversed on an interlocutory appeal. *People v. Gurule*, 196 Colo. 562, 593 P.2d 319 (1978); *see Colorado v. Bannister*, —— U.S. ——, 101 S.Ct. 42, 66 L.Ed.2d 142 (1980).

9. In an apparent reference to the newspaper accounts she also stated to the court: "I would listen and if I felt that the acts that were shown and reported were erroneous, I would take that into consideration."

she stated: "If I was shown, not just persuaded. Do you understand the difference? If I were really shown that this was not as what my former opinion was of the case, I would set it aside, yes. Otherwise not." When the prosecutor questioned her about her willingness to decide the case solely on the evidence admitted during the trial, she stated that she would do so but then added: "But I do want you to know that as of this moment they are going to have to do a lot of proving to me because I have formed an opinion, yes. I have to tell you that sincerely." She responded in similar fashion to questions by defense counsel concerning the firmness of her opinion. On the basis of her responses the defendant challenged her for cause. The court denied the challenge.

The murder count based on the death of Mrs. Grasmick was submitted to the jury with verdict forms for felony murder or, alternatively, murder by extreme indifference. The jury returned a verdict of guilty to extreme indifference murder. On the other counts the jury returned verdicts of guilty to attempted first degree murder of Mr. Grasmick and aggravated robbery. The defendant was sentenced by the trial court to concurrent terms of life imprisonment for murder, twenty-five to thirty years for attempted murder, and fifteen to thirty years for aggravated robbery.

## II.

■ The defendant argues that extreme indifference murder, as defined in section 18–3–102(1)(d), violates equal protection of the laws because the statutory definition of that crime is indistinguishable from second degree murder. In *People v. Marcy*, Colo., 628 P.2d 69 (1981), we held that the statutory definition of extreme indifference murder violates equal protection of the laws under Article II, Section 25, of the Colorado Constitution because it is not sufficiently distinguishable from second degree murder to warrant the substantial differential in penalty authorized by the statutory scheme. *See also People v. Curtis*, Colo., 627 P.2d 734 (1981). *Marcy* requires that the defend-

ant's conviction for extreme indifference murder be reversed.

■ The jury's verdict of guilty to extreme indifference murder did not explicitly or implicitly resolve the defendant's guilt to the crime of felony murder. *See People v. Curtis, supra*. Murder by extreme indifference and felony murder are separate and distinct offenses, each of which carries the same penalty, and neither of which is the lesser included offense of the other. The defendant, therefore, may be retried for the crime of felony murder.

## III.

We also reverse the defendant's convictions for attempted first degree murder and aggravated robbery, as well as the murder conviction, for the additional reason that the trial court committed reversible error in denying the defendant's challenge for cause directed to prospective juror Cornelison.

■ A criminally accused has the fundamental right to a fair trial by a panel of impartial jurors. *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751, 755 (1961). As we recently observed in *Nailor v. People*, Colo., 612 P.2d 79, 80 (1980), "[t]o insure that this right is protected, the trial court must excuse prejudiced or biased persons from the jury." Our procedures for jury selection recognize that, particularly in matters that have been subjected to widespread media coverage, prospective jurors might have formed some impression or notion about the merits of the case in advance of trial. So long as the court is satisfied, from an examination of the prospective juror or from other evidence, that the juror will render an impartial verdict according to the evidence admitted at trial and the court's instructions of law, the court may permit the juror to serve. Section 16–10–103(1)(j), C.R.S.1973 (1978 Repl. Vol. 8); Crim.P. 24(b)(1)(X); *see People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972). Here, however, the juror's responses provide no such basis for a judicial determination of impartiality.

The responses of Mrs. Cornelison did not manifest that type of uncertainty or ambivalence that, of necessity, would have required the court to assess her credibility and general demeanor in ruling on the defendant's challenge for cause. Were these factors present, we would be inclined to accord substantial weight to the trial court's ultimate determination of the juror's state of mind. Mrs. Cornelison's responses, however, clearly indicate a virtually unyielding opinion of the defendant's guilt at that stage of the proceedings. The clear import of her responses was that she could set aside her opinion about the defendant's guilt only if the evidence established his innocence. The imposition of such an evidential standard upon an accused nullifies the presumption of innocence and is the antithesis of the due process requirement of prosecutorial proof of guilt beyond a reasonable doubt. Where, as here, the prospective juror patently demonstrates a fixed prejudgment about the merits of the case and an unwillingness to accept and apply those principles that form the bedrock of a fair trial, the trial court errs in refusing to excuse that juror when causally challenged. *Morgan v. People*, Colo., 624 P.2d 1331 (1981); *Nailor v. People, supra; Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977); *Jones v. People*, 23 Colo. 276, 47 P. 275 (1896); II *ABA Standards For Criminal Justice, Fair Trial and Free Press*, Standard 8–3.5 (2d ed. 1980).

The judgment is reversed and the cause is remanded for a new trial on the charges of felony murder, attempt to commit first degree murder after deliberation, and aggravated robbery.

ROVIRA, J., concurs in part and dissents in part.

ROVIRA, Justice, concurring in part and dissenting in part.

I dissent from Part II of the opinion for the reasons set forth in my dissent in *People v. Marcy*, Colo., 628 P.2d 69 (1981) I concur in Part III and the remand for a new trial.