**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Mark Randall GURULE, Defendant-Appellant.**

**No. 82CA1405.**

Colorado Court of Appeals, Div. I.

Nov. 15, 1984.

Rehearing Denied Dec. 13, 1984.

Certiorari Denied April 29, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

The defendant, Mark Randall Gurule, appeals from the judgment of conviction en-

tered on a jury verdict finding him guilty of felony murder. We affirm.

In a previous appeal of this matter, the defendant's convictions for extreme indifference murder in the first degree, attempt to commit first degree murder after deliberation, and aggravated robbery were reversed, and the cause was remanded for a new trial on the charges of felony murder, attempt to commit first degree murder after deliberation, and aggravated robbery. *See People v. Gurule,* 628 P.2d 99 (Colo. 1981) appealing after remand 196 Colo. 562, 593 P.2d 319 (1978). In reversing the conviction for extreme indifference murder, the court stated:

> "The jury's verdict of guilty to extreme indifference murder did not explicitly or implicitly resolve the defendant's guilt to the crime of felony murder.... Murder by extreme indifference and felony murder are separate and distinct offenses, each of which carries the same penalty, and neither of which is the lesser offense of the other. The defendant, therefore, may be retried for the crime of felony murder."

In a petition for rehearing the defendant challenged the remand order on the basis that a retrial on the felony murder charge would violate the constitutional prohibition against double jeopardy. That petition was denied. Thereafter, the defendant filed a motion in the trial court to dismiss the felony murder charge on the same grounds alleged in his petition for rehearing. That motion was also denied.

Defendant's sole contention is that his retrial on the felony murder charge violated his constitutional protection against double jeopardy. *See* U.S. Const. amend. V; Colo. Const. art. II, § 18.

Defendant recognizes that, under the doctrine of the law of the case, a decision on an issue of law made at one stage of the case becomes binding precedent to be followed in successive stages of the same litigation, *see, e.g., People v. Casey,* 192 Colo. 568, 563 P.2d 2 (1977), but argues that this doctrine is a discretionary rule of practice which should not be applied here.

This court, however, is bound by the mandate of the Colorado Supreme Court in *People v. Gurule, supra,* and cannot, as defendant would have us do, reconsider and reverse that mandate. *Cf. Pope Heating & Air Conditioning Co. v. Garrett-Bromfield Mortgage Co.,* 29 Colo.App. 169, 480 P.2d 602 (1971).

Judgment affirmed.

KELLY and METZGER, JJ., concur.