The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael George LUCERO, Defendant-Appellant.

No. 83CA0991.

Colorado Court of Appeals, Div. I.

Dec. 26, 1985.

Rehearing Denied Jan. 23, 1986.

Certiorari Denied June 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Duane M. Kline III, Pamela A. Stross, Deputy State Public Defenders, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Michael Lucero, appeals the judgment of conviction entered upon jury verdicts finding him guilty of first degree burglary and felony theft. He alleges an illegal arrest, an illegal search and seizure, and the improper admission of evidence. We affirm.

At approximately 2:30 a.m. on the night the offenses were committed, a police officer responding to a silent alarm at a phar-

macy, came upon a man crouched on the roadway of the parking lot outside the pharmacy. The man ran away and eluded the police. A car with a door open was found nearby which had the key in the ignition and which contained items stolen from the pharmacy. This car was registered to defendant's mother.

The police obtained the address from the registration and went to the home where defendant and his mother lived. Defendant's mother opened the door and invited the officers into her house. Defendant was later arrested in the house, and numerous items were seized from the area of the house occupied by defendant.

Defendant first contends that his warrantless arrest in the home was in violation of the Fourth Amendment. We disagree.

The Fourth Amendment protects against warrantless and nonconsensual entries of a home for the purpose of making an arrest. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *McCall v. People*, 623 P.2d 397 (Colo.1981). However, a voluntary consent by an occupant of the home authorizing entry by the police for the purpose of effecting an arrest inside the home may constitute a valid waiver of the warrant requirement. *McCall v. People, supra.*

Here, the trial court found on supporting evidence that defendant's mother voluntarily admitted the police to her home. However, that consent does not alone operate as a waiver of the warrant requirement since it is undisputed that probable cause for arrest did not exist at the time the police entered the home. Rather, the police were conducting an investigation, and probable cause did not arise until the police viewed defendant and saw that he matched the description of the person who had fled from the scene of the burglary.

In such circumstances, where probable cause for arrest arises after the police legitimately enter a home, they are not required to seek a warrant before arresting a suspect. *See People v. Lesko*, 701 P.2d 638 (Colo.App.1985); *People v. Smith*, 709 P.2d 4 (Colo.App.1985) (*cert. granted* November 12, 1985). Hence, because the police did not enter the home for the purpose of making an arrest, this case is distinguishable from *McCall v. People, supra*, and thus, no constitutional violation occurred in defendant's arrest.

Defendant next contends that the trial court erred in not suppressing certain evidence seized during a warrantless search of his living area. He argues that his mother's consent was insufficient to permit such a search. We disagree.

The Fourth Amendment right to be free from unreasonable searches and seizures is a personal right, *Lanford v. People*, 176 Colo. 109, 489 P.2d 210 (1971), but a voluntary consent to a warrantless search may be given by a third party who possesses common authority over, or other sufficient relationship to, the premises. *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *People v. Savage*, 630 P.2d 1070 (Colo.1981). Common authority derives from the mutual use of the property "by persons generally having *joint access or control for most purposes*, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection *in his own right* . . . ." *People v. Savage, supra* (quoting from *United States v. Matlock, supra*) (emphasis added).

It is undisputed that defendant's mother voluntarily consented to the search. Although she testified that for her own reasons she never went into the area which defendant occupied, the trial court found on supporting evidence that: (1) she was the owner of the house; (2) defendant was a tenant at sufferance; (3) she controlled the possessory interest of those occupying the house; and (4) the rules concerning what areas of the house were to be used by whom and who would enter what areas of the house were made by her and no one else.

Based on these findings, the trial court concluded correctly that defendant's mother shared joint control over the area with defendant. *See People v. Savage, supra;*

*see also United States v. Gunter,* 546 F.2d 861 (10th Cir.1976); *Spencer v. People,* 163 Colo. 182, 429 P.2d 266 (1967). Thus, defendant's mother could consent to the search in her own right. *See United States v. Crouthers,* 669 F.2d 635 (10th Cir.1982). Even though defendant's mother had her own reasons for not entering defendant's living area, there was no evidence that she ever relinquished her control over the area, nor was there any evidence that defendant ever asserted any right to an exclusive use of the area.

Moreover, the seizure of the items was justified by the plain view exception to the warrant requirement. Under that exception, evidence in plain view may be seized when: (1) there is a valid initial intrusion; (2) discovery is inadvertent; and (3) the police have knowledge of facts which establish a reasonable nexus between the article to be seized and criminal behavior. *People v. Reynolds,* 672 P.2d 529 (Colo.1983).

 First, the trial court's finding that all of the items seized were in plain view is supported by the record and will not be disturbed on review. *See People v. Fish,* 660 P.2d 505 (Colo.1983). Next, the initial intrusion into defendant's living area was valid. Defendant wanted to go to his room to get a shirt and shoes. Because the police had previously been told by defendant's mother that defendant was awaiting sentencing on an aggravated robbery and because they knew that a handgun had been found at the scene of the burglary, two officers accompanied him to ensure their personal safety. This was reasonable action on their part. *Cf. People v. Boileau,* 36 Colo.App. 157, 538 P.2d 484 (1975). Also, defendant made no objection to the officers accompanying him until after they had observed some of the evidence. Furthermore, discovery of the evidence was inadvertent because the officers were accompanying defendant for safety reasons, and not for the purpose of discovering evidence. Finally, the items seized were all either contraband or were evidence which linked defendant to the burglary, so the nexus test was met.

 The fact that the officers did not immediately seize the evidence in plain view does not affect its admissibility in this case. Defendant made immediate seizure impossible when he became agitated and abusive toward the officers after their initial plain view discovery of some of the evidence. He was immediately arrested, and, because of his agitated state, he was taken to a police car. Thus, the return of the police to defendant's living area after securing him was part and parcel of the earlier plain view discovery and the warrantless seizure was valid. *See People v. Gurule,* 196 Colo. 562, 593 P.2d 319 (1978).

This same rationale applies equally to additional evidence observed in plain view by the police when they returned to the defendant's living area to seize the evidence previously observed. They were legitimately in the area; the discoveries were inadvertent; and there was a reasonable nexus between the items seized and criminal behavior.

Defendants' final contention is that the trial court erred in admitting evidence of drug addiction and evidence that he possessed narcotics similar to those taken in the burglary in order to show that he had a motive to commit the burglary. We disagree.

The trial court has broad discretion with respect to determining the relevancy of proffered evidence, and its decision will not be disturbed on review absent an abuse of discretion. *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Evidence of prior criminality is admissible if it is clearly relevant to a material issue in the case and if the probative value of the evidence outweighs the potential for prejudice in the minds of the jurors. *People v. Randall,* 711 P.2d 689 (Colo.1985); *Callis v. People,* 692 P.2d 1045 (Colo.1984); CRE 404(b).

 Here, defendant denied that he had committed the burglary. Moreover, the narcotics he possessed were the same as those stolen from the pharmacy. Thus, the evidence of his status and the type of narcotic that he possessed were relevant to

show identity and motive. Moreover, because the evidence of defendant's guilt was overwhelming, the prejudice, if any, to defendant from the admission of this evidence was minimal. *See Callis v. People, supra.* Therefore, we hold that the trial court did not err in admitting the evidence.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.