Dennis L. HOWARD and Deborah R. Howard, Plaintiffs–Appellees and Cross–Appellants,

v.

WOOD BROS. HOMES, INC., Defendant–Appellant and Cross–Appellee.

No. 90CA1334.

Colorado Court of Appeals, Div. II.

Feb. 13, 1992.

Rehearing Denied March 12, 1992.

Certiorari Granted Aug. 31, 1992.

Frank & Finger, P.C., Robert D. Mendenhall, Evergreen, for plaintiffs-appellees and cross-appellants.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Karen Roan Novotny, Golden, for defendant-appellant and cross-appellee.

Opinion by Judge HUME.

Defendant, Wood Bros. Homes, Inc., appeals from a judgment entered on a jury verdict in favor of plaintiffs, Dennis L. and Deborah R. Howard, for negligent construction of a house. Plaintiffs cross-appeal the trial court's ruling that any future payments they may recover from a collateral source be credited against the judgment. We affirm and remand with directions.

Defendant, a builder-seller, had built the house in 1978. Plaintiffs purchased it in September 1984 from its second private owners. Before closing the purchase, plaintiffs inspected the house and were informed that the sellers had filed a claim for structural damage under the homeowner warranty insurance policy but that the insurer had denied that claim on the basis that the damage was cosmetic rather than structural.

Plaintiffs subsequently commenced this action in June 1986 for negligent construction after the observable damage had continued to worsen. During the pendency of the action, plaintiffs' experts concluded that the damage was caused by a structural defect resulting from improper soil compaction and placement of a basement floor pad upon, rather than within, the building's foundation.

Initially, the trial court entered a summary judgment dismissing plaintiff's complaint for failure to commence the action within the period prescribed by § 13–80–104, C.R.S. (1987 Repl.Vol. 6A). However, on the basis of our holding that the applicable statute of limitations was Colo.Sess. Laws 1979, ch. 144, § 13–80–127 at 631, that judgment was reversed on appeal in *Howard v. Wood Bros. Homes, Inc.*, (Colo. App. Nos. 88CA1084 and 88CA1328, September 28, 1989) (not selected for publication) (first appeal).

I.

 Defendant first contends that the trial court erred in holding that the statute of limitations did not begin to run when plaintiffs' immediate predecessor in title discovered the defects and that the trial court erred in taking the statute of limitations issue from the jury. We disagree.

A.

 An appellate court's determination of and issuance of a mandate upon an issue presented to it becomes the law of the case and must be followed in subsequent proceedings before the trial court. *People v. Roybal*, 672 P.2d 1003 (Colo. 1983). Also, subject to exceptions not pertinent here, a determinative decision on an issue of law made at one stage of the case becomes binding precedent to be followed in successive stages of the same litigation. *People v. Gurule*, 699 P.2d 9 (Colo.App. 1984).

Our holding in the first appeal that the controlling statute of limitations was the predecessor statute addressed the same arguments sought to be raised here. It thus became, and continues to be, the law of the case. Defendant has submitted no new evidence which would indicate changed conditions, nor did it submit any evidence which would present a factual issue for determination by the jury.

Here, the evidence is uncontroverted that plaintiffs first observed damage when they inspected the house in August 1984. At that time, plaintiffs were assured that the damage was superficial or cosmetic and that it was not the result of a structural defect. Even if we assume that the plaintiffs knew or should have known that the damage was caused by a structural defect at the time of their initial inspection, the action was commenced within two years thereafter, on July 29, 1986.

Thus, since the action was necessarily commenced within two years after the earliest possible accrual date, there was no factual issue for resolution by the jury.

## B.

■ Defendant next contends that the trial court erred in allowing the jury to determine whether the defect that caused plaintiffs' injury was latent. We disagree.

■ A subsequent purchaser may recover damages in negligence against a builder-seller of a home only for latent construction defects. Latent defects are defined as "those manifesting themselves after purchase and which are not discoverable through reasonable inspection." *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo.1983).

Here, evidence was presented to establish that plaintiffs observed cracking in fireplace masonry, drywall, and in some sections of the basement floor prior to their purchase of the house. There was also evidence that plaintiffs were assured that those imperfections were cosmetic rather than structural and that only when the imperfections worsened after plaintiffs' purchase, did they become concerned about a structural defect resulting from faulty construction.

Such evidence presented a question of fact as to whether the physical manifestations observed by plaintiffs were sufficient to divulge the existence of an underlying structural defect. *See Criswell v. M.J. Brock & Sons, Inc.*, 681 P.2d 495 (Colo. 1984). Hence, we perceive no error in the court's submitting that factual issue to the jury for determination.

## C.

■ Defendant next contends that the trial court erred in refusing to submit the issue of assumption of risk to the jury. We disagree.

Here, the issue of assumption of risk is subsumed in the issue concerning the latency of the defect. If the defect was latent, *i.e.*, concealed and not discoverable through reasonable inspection, then the purchasers could not be found to have assumed the risk of a structural defect. On the other hand, if the defect was patent and readily discoverable upon a reasonable inspection of the house, then plaintiffs were not merely contributorily negligent and their recovery would be barred under the holding of *Cosmopolitan Homes, Inc. v. Weller, supra*.

Hence, we perceive no error in the trial court's failure to instruct the jury pursuant to § 13–21–111.7, C.R.S. (1987 Repl.Vol. 6A).

## D.

■ Defendant also contends that the trial court erred in denying its motion to strike the evidence of cost of repair and to instruct the jury accordingly. We disagree.

The trial court instructed the jury that the measure of damages was the difference between the market value of the home as constructed and its market value without a structural defect. Citing *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986), defendant argues that the trial court should have instructed the jury that evidence of cost of repair should not be considered in determining the amount of damages.

Here, however, the jury was properly instructed on the correct measure of damages. Absent any proof to the contrary, we presume that the jury understood and heeded the court's instructions. *People v. Moody*, 676 P.2d 691 (Colo.1984). Furthermore, evidence of the cost of repairs was probative of the diminution of value resulting from the defect and, thus, was helpful to the jury in determining the value of the house as built.

## E.

■ Defendant further argues that the trial court erred by including plaintiff's loss of use and enjoyment of the subject residence as part of their damages. We disagree.

In order to make an owner whole, compensation must be paid for loss of use and enjoyment of property insofar as such losses are established by competent evidence. *Board of County Commissioners v. Slovek, supra*. Here, the trial court found

that there was sufficient evidence to submit the issue to the jury. After reviewing the record, we agree with this finding.

### F.

■ Next, defendant contends that the trial court erred in refusing to direct a verdict in its favor, claiming that there was no evidence establishing the standard of reasonable care of a residential builder. However, since the record is replete with evidence establishing the builder's deviation from accepted building practices in failing to compact the sub-floor fill and in pouring the basement floor on top of rather than within the foundation, we reject this contention.

### G.

■ Defendant also contends that the trial court erred in awarding pre-judgment interest from July 31, 1985. We disagree.

Plaintiffs are entitled to interest from the time a cause of action accrues. *See Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989).

Here, evidence supports the trial court's determination that the action accrued when plaintiffs gave notice to Wood Bros. of the existence of their claim and demanded recompense.

We have considered defendant's other contentions of error and find them to be without merit.

### II.

### A.

■ On cross-appeal, plaintiffs contend that the verdict should not have been reduced by any amounts received under their homeowners' warranty insurance. We disagree.

The house was insured against major structural defects through the homeowners' warranty program with CIGNA Insurance Company. The trial court found that defendant had enrolled the house in such warranty program and had paid the insurance premium. Furthermore, it found that the insurance company had already paid for certain repairs on the house.

Defendant moved to reduce plaintiffs' verdict based on the collateral source rule set out in § 13–21–111.6, C.R.S. (1987 Repl. Vol. 6A). That statute provides in pertinent part that the court:

> [S]hall reduce the amount of the verdict by the amount by which such person ... has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company or fund ... *except* that the verdict shall not be reduced by the amount by which such person ... has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and *paid for by or on behalf of such a person.* (emphasis added)

The trial court did not reduce the verdict for amounts which had already been paid because none of the funds were paid directly to plaintiffs and because they did not otherwise benefit from the payments. However, the court did order that any future payments plaintiffs might receive from CIGNA be offset against the judgment.

We agree with the trial court's conclusion that the insurance was not paid for by or on behalf of plaintiffs. Thus, in compliance with the collateral source rule, any future amounts plaintiffs may receive from CIGNA properly should be credited against the judgment in this case.

### B.

■ Plaintiffs also contend that they should be awarded attorney fees and costs for defendant's frivolous second appeal of the statute of limitations issue. We agree.

■ An appeal is considered frivolous if the proponent can present no rational argument based on the evidence or law in support of its claim or defense or if the appeal is prosecuted for the sole purpose of harassment or delay. *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984). *See also* § 13–17–102(4) (1987 Repl.Vol. 6A)

(frivolous means "lacking substantial justification").

 While we acknowledge an attorney's duty to represent his client zealously, nevertheless, the advancement of a claim or defense which cannot be supported by a good faith argument for an extension, modification, or reversal of existing law is improper professional conduct. Code of Professional Responsibility DR 7–102.

Here, defendant had two prior opportunities to have the statute of limitations argument addressed. Its argument was fully briefed both at the trial level and on the first appeal. And, this court's ruling on the issue clearly constituted the law of the case. While we grant wide latitude to counsel in pursuing legal theories, we cannot countenance attempts to relitigate claims that previously have been conclusively determined on appeal in the same case. Such active relitigation of settled issues is presumed to be frivolous. *See* § 13–17–102(4); *Cf. SaBell's, Inc. v. City of Golden,* 832 P.2d 974 (Colo.App.1991).

The judgment is affirmed, and the cause is remanded with directions for imposition of attorney fees incurred by the second appeal of the statute of limitations issue.

SMITH and NEY, JJ., concur.