**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**William HARPER, Defendant–Appellee.**

No. 95SA159.

Supreme Court of Colorado,
En Banc.

Sept. 25, 1995.

Chris D. Hefty, District Attorney, Thirteenth Judicial District, Nicholas E. Schaefer, Deputy District Attorney, Richard Rardin, Deputy District Attorney, Sterling, for plaintiff-appellant.

David F. Vela, State Public Defender, Tamara A. Brady, Deputy State Public Defender, Greeley, for defendant-appellee.

Chief Justice VOLLACK delivered the Opinion of the Court.

The People bring this interlocutory appeal from a suppression order entered by the Logan County District Court.[1] The order suppressed marijuana seized from the residence of the defendant, William Harper (Harper). Because the marijuana was properly seized pursuant to the plain-view exception to the warrant requirement, we reverse the district court's order.

## I.

On December 8, 1994, the Sterling Fire Department was called to a fire at Harper's residence in Sterling, Colorado. Upon arriving at the scene, four firefighters entered through the front door and extinguished a fire in the bedroom of Harper's trailer home. Two police officers, Officers Roberts and Kelsch, were also present to control traffic in order to prevent interference with the firefighters' activities.

After the fire was extinguished, Lieutenant Charles Jordan of the Sterling Fire Department commenced an investigation of the origin and cause of the fire. Lieutenant Jordan determined that the fire originated from the corner of a mattress in the bedroom of the residence. Lieutenant Jordan then ordered that the mattress and accompanying box spring be removed from the residence due to their smoldering condition.

Upon removing the mattress and box spring, Lieutenant Jordan noticed a bucket on which the lid was partially melted away, and observed a green, leafy substance inside the bucket which he suspected to be marijuana. Lieutenant Jordan then summoned Offi-

---

1. This court has jurisdiction over this matter pursuant to § 16–12–102(2), 8A C.R.S. (1995 Supp.), and C.A.R. 4.1(a).

cers Roberts and Kelsch, who had been outside directing traffic, into the residence. The officers observed the substance and called Detective James Scott to the scene. Detective Scott identified the substance as marijuana, photographed it, and subsequently seized it without a warrant. Harper was then arrested and charged with possession of more than eight ounces of marijuana in violation of section 18–18–406(4)(b), 8B C.R.S. (1995 Supp.).

Prior to trial, Harper filed a motion to suppress the seized marijuana. The district court held that no exigent circumstances existed for the warrantless search and seizure of the marijuana, and thus suppressed the evidence. The People subsequently filed this interlocutory appeal seeking review of the district court's order suppressing the evidence.

## II.

The prosecution asserts that the search and seizure were valid under the plain-view exception to the warrant requirement. Relying on *Michigan v. Clifford*, 464 U.S. 287, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984), the prosecution first argues that although a person may have a reasonable expectation of privacy in fire-damaged premises, once firefighters have legitimately entered the premises to extinguish a fire, they may remain on the premises for a reasonable time to investigate the cause and origin of the fire. The prosecution further maintains that, because the marijuana seized in this case was in the plain view of Lieutenant Jordan, the plain-view doctrine applies, thereby vitiating any expectation of privacy that may have existed in the seized evidence.

The defense first asserts that Harper had a reasonable expectation of privacy in his trailer home. The defense then claims that the officers' search of Harper's residence and subsequent seizure of the marijuana were constitutionally deficient because the evidence discovered by the removal of the mattress and box spring was unrelated to the investigation into the cause of the fire and thus the warrantless seizure of the evidence was not justified by the exigencies of the situation. The defense maintains that the

officers could have obtained a warrant because the evidence indicated that the fire was not likely to rekindle. Moreover, the defense contends that there was no danger of destruction of the marijuana because the police and fire officials were watching over it.

At the suppression hearing, the district court held that the failure to obtain a warrant was constitutionally fatal in this circumstance and suppressed the evidence. The district court first found that the defendant had a reasonable expectation of privacy in the premises even though the fire had damaged the premises. The district court noted that, because the defendant had a reasonable expectation of privacy, a warrantless search and seizure would be invalid absent exigent circumstances. The district court then held that the warrantless seizure of the marijuana from Harper's home was not justified by any exigent circumstances for the following reasons: (1) The firefighters had the fire under control when the evidence was seized; (2) the evidence seized had no relation to the cause of the fire; and (3) the evidence was not in danger of being destroyed. The district court then determined that, because the exigent circumstances doctrine was inapplicable, the search was constitutionally invalid.

## III.

A search conducted without a warrant is prima facie unlawful unless there exists a valid exception to the warrant requirement of the Fourth Amendment to the United States Constitution and of Article II, Section 7, of the Colorado Constitution. *People v. Edwards*, 836 P.2d 468, 471 (Colo. 1992). The presence of a burning building clearly creates an exigent circumstance that justifies a warrantless entry by fire officials to extinguish the blaze. *Michigan v. Clifford*, 464 U.S. 287, 293, 104 S.Ct. 641, 647, 78 L.Ed.2d 477 (1984).

Reasonable privacy expectations may remain in homes damaged by fire, and if such interests exist, the warrant requirement applies. *Id.* However, officials need no warrant to remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished. *Michigan v. Tyler*,

436 U.S. 499, 510, 98 S.Ct. 1942, 1950, 56 L.Ed.2d 486 (1978). Any object that comes into view during such a search may therefore be preserved without a warrant pursuant to the plain-view doctrine. *Clifford,* 464 U.S. at 295 n. 6, 104 S.Ct. at 647 n. 6. Such a plain-view seizure is permissible where the following requirements have been satisfied: (1) There must be a prior valid intrusion; (2) discovery of the evidence must be inadvertent; and (3) the object in plain view must possess a readily apparent incriminating nature. *People v. Milton,* 826 P.2d 1282, 1284–85 (Colo.1992) (citing *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971)); *see also People v. Berow,* 688 P.2d 1123, 1127 (Colo.1984); *People v. Amato,* 193 Colo. 57, 59, 562 P.2d 422, 423 (1977) (upholding a warrantless seizure based on a combination of the plain-view and emergency exceptions to the warrant requirement). The district court erred, however, by not applying the plain-view doctrine as it was articulated in *Clifford.* In that case, the Court stated:

> The plain-view doctrine must be applied in light of the special circumstances that frequently accompany fire damage. In searching solely to ascertain the cause, firemen customarily must remove rubble or search other areas where the cause of fires is likely to be found. An object that comes into view during such a search may be preserved without a warrant.

*Clifford,* 464 U.S. at 295 n. 6, 104 S.Ct. at 647 n. 6; *see also Berow,* 688 P.2d at 1127; *Amato,* 193 Colo. at 59, 562 P.2d at 423.

In *People v. Amato,* we held that the tripartite plain-view test was satisfied under circumstances factually similar to the present case. In *Amato,* police and fire officials responded to an emergency call at the defendant's residence. *Id.* at 58, 562 P.2d at 422–23. Upon arriving at the scene, the firefighters were allowed into the residence by the defendant's roommate and were directed to the bathroom where they found the defendant. *Id.* at 58, 562 P.2d at 423. After attending to the defendant's medical condition and moving him to another location, a firefighter noticed contraband items on top of the toilet tank in the bathroom. *Id.* at 59, 562 P.2d at 423. The firefighter summoned police officers who seized the contraband and subsequently arrested the defendant. *Id.* The district court suppressed the evidence and the prosecution appealed.

■ We reversed the trial court's suppression of the evidence, holding that the search and seizure were constitutionally valid. *Id.* at 60, 562 P.2d at 424. We held that the search and seizure fell within the plain-view exception to the warrant requirement and were thus permissible for the following reasons: (1) The fire and police officials were legitimately on the premises pursuant to the emergency doctrine;[2] (2) the primary purpose of the officials' presence in the bathroom was to assist the defendant; and (3) the suppressed items were in plain view. *Id.*

■ Our decision in *Amato* mandates a similar result in the case at bar, as the three prongs of the plain-view test have been satisfied in this case. Here, the firefighters' entry into Harper's residence to extinguish the fire was justified by the emergency doctrine since entry into a residence by fire and police personnel to extinguish a fire is per se constitutionally valid. *Clifford,* 464 U.S. at 293, 104 S.Ct. at 646; *Tyler,* 436 U.S. at 509, 98 S.Ct. at 1950; *see also People v. Thompson,*

---

**2.** In *Amato,* we applied the emergency doctrine for the first time to uphold a warrantless search. *Amato,* 193 Colo. at 59–60, 562 P.2d at 423–24. Although the emergency doctrine has at times been treated as a variant of the exigent circumstances exception to the warrant requirement, we clarify today that the emergency doctrine has its own separate and distinct requirements. We stated in *Amato* that, in order to obtain evidence or seize contraband without a warrant, the emergency doctrine requires (1) an immediate crisis, and (2) the probability that assistance will be helpful. *Id.* at 60, 562 P.2d at 424. We have since reaffirmed this doctrine, with the admonition that such a discovery of evidence be limited by the nature of the emergency; an emergency cannot justify a general exploratory search. *People v. Thompson,* 770 P.2d 1282, 1285 (Colo. 1989); *People v. Unruh,* 713 P.2d 370, 379 (Colo.), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2894, 90 L.Ed.2d 981 (1986). The emergency doctrine, when applicable, fits into the framework of the plain-view exception by satisfying the first element of that exception: that the police must be validly on the premises. For the officers to then be constitutionally justified in seizing evidence, the remaining two elements of the plain-view exception must be fulfilled.

770 P.2d 1282, 1285 (Colo.1989); *Amato,* 193 Colo. at 60, 562 P.2d at 424. Moreover, it is uncontroverted in the record that the discovery of the marijuana was inadvertent: the evidence was discovered when Lieutenant Jordan removed the smoldering mattress for the purpose of extinguishing it outside the residence. Such action was taken in order to prevent the blaze from rekindling and to investigate the cause of the fire.[3] *See Clifford,* 464 U.S. at 293, 293 n. 4, 104 S.Ct. at 646 n. 4 (stating that officials may remain on the premises after a fire has been extinguished to investigate the cause of the fire or if there is a threat that the blaze may rekindle). Finally, based upon Detective Scott's extensive experience in drug identification, it was immediately apparent to him that the exposed, green, leafy substance in the bucket was marijuana.

The test for the plain-view exception having been satisfied, we reverse the district court and remand for further proceedings.

---

**3.** As such, this action was appropriately circum-   spect pursuant to the emergency doctrine.