CHIEF JUSTICE TURNAGE
dissenting.
¶60 I respectfully dissent from the majority opinion. In my view, the District Court did not err in its analysis of the suppression issue. Bassett simply did not retain a sufficient privacy interest in the shell *344 of his burnt-out home to prevent the deputy sheriff from seizing the marijuana plants which the firefighters had observed in plain view.
¶61 I agree with the majority that Montana’s constitution offers broader protection of the right to privacy than does the federal constitution. However, even in Montana, the right to privacy does not protect from warrantless seizure of that which is in plain view by an officer lawfully on the premises. See State v. Loh (1996), 275 Mont. 473, 467, 914 P.2d 592, 60.
¶62 In this case, the District Court sensibly reasoned:
Shortly after the firefighters arrived at his residence, [Bassett] left. He did not return before the deputy arrived, nor did he communicate to the firefighters at any time that he wished to restrict access to his residence. In short, [Bassett] did nothing during the period between [Firefighter] Buller’s entry of the residence and the deputy’s entry ofthe residence to evidence a subjective expectation of privacy. Secondly, society at large would not view the deputy’s entry into the burned residence as an invasion of privacy, given the circumstances. Firefighters had [] already been through [Bassett’s] residence by the time the deputy arrived, and it was largely destroyed and open to the elements. Under the second element of Loh the deputy had a lawful right of access to the marijuana plants, because the defendant had no expectation of privacy in the closet at the time the deputy arrived and seized the plants. The seizure, therefore, was lawful.
This was not a case of successive and unrelated entries onto Bassett’s property. Fireman Buller and his superiors summoned the deputy sheriff forthwith upon viewing the suspected marijuana and showed the deputy its location.
¶63 I, like the District Court, agree with and would follow the reasoning of the majority of courts which have considered this topic in similar cases. The fact that contraband found in plain view is seized by a state agency separate from the one which initially discovered the contraband in plain view is not significant where the second agency is merely completing what those already on the scene would be justified in doing. State v. Bell (Wash. 1987), 737 P.2d 254, 259. Accord United States v. Brand (5th Cir. 1977), 556 F.2d 1312; Sigler v. Anderson (3rd Cir. 1974), 496 F.2d 793; United States v. Gargotto (6th Cir. 1973), 476 F.2d 1009; United States v. Green (5th Cir. 1973), 474 F.2d 1385; Masen v. Seidel (Ariz. 1997), 940 P.2d 923; People v. Harper (Colo. 1995), 902 P.2d 842.
*345 ¶64 I would hold that because the marijuana plants were in plain view of officers lawfully on the premises, there was no search, and Bassett’s right to privacy under the Montana Constitution did not protect him from warrantless seizure of the plants. I would therefore uphold the District Court’s findings of fact and conclusions of law and affirm Bassett’s conviction of criminal possession of dangerous drugs.
JUSTICE GRAY joins in the dissenting opinion of CHIEF JUSTICE TURNAGE.