STATE of Wisconsin, Plaintiff-Respondent,

v.

John GONZALEZ, Defendant-Appellant. †

Court of Appeals

*No. 88–0348–CR. Submitted on briefs September 9, 1988.—
Decided October 19, 1988.*

(Also reported in 432 N.W.2d 651.)

† Petition to review denied. BABLITCH, J., took no part.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *David J. Becker,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. John Gonzalez appeals from a judgment of conviction following his no contest pleas to the charges of possessing a short-barrel shotgun, possessing marijuana with intent to deliver, and being a felon in possession of firearms. The single issue he presents on appeal is whether the physical evidence seized from his second floor apartment pursuant to a warrantless entry by police officers should have been suppressed. We affirm, holding that the evidence was legally seized following a justified entry by a police

officer who was at the time involved in the fire fighting effort at Gonzalez' apartment building.

The facts reveal that a fire broke out in the first floor apartment of a two-flat building. Fire fighters got the flames under control, then one fire fighter went upstairs to check for fire spread in the second floor apartment. That apartment was filled with smoke. When it cleared, the fire fighter saw what he immediately believed to be an illegal sawed-off shotgun. The fire fighter went down to street level and told the police officer handling traffic and crowd control about what he had seen. Less than five minutes later, the officer went upstairs with the fire fighter. While the fire fighter continued to check for fire spread, the police officer looked at the several guns lying about in the apartment and also saw what he immediately believed to be marijuana lying on the floor. The officer summoned the road sergeant.

When Gonzalez returned to his apartment, he was read his rights and a consent-to-search form, which he signed. The guns and marijuana were seized and are the basis for Gonzalez' convictions in the instant case.

Gonzalez argues that the police officers' entry, which was accomplished without a warrant, was illegal. Therefore, he argues that the evidence found pursuant to the warrantless search must be suppressed. He also argues that since the initial entry was illegal, everything that followed—particularly his consent-to-search—is tainted and invalid. We disagree.

The Fourth Amendment to the United States Constitution, and Article I, sec. 11 of the Wisconsin Constitution protect against unreasonable searches and seizures. Warrantless searches are deemed unrea-

sonable per se, subject only to a few exceptions that are "'jealously and carefully drawn.'" *State v. Monosso,* 103 Wis. 2d 368, 372, 308 N.W.2d 891, 893 (Ct. App. 1981) (quoting *Jones v. United States,* 357 U.S. 493, 499 (1958)). The warrant requirement applies to police officers, of course, but also applies to health, fire and building inspectors. *Michigan v. Tyler,* 436 U.S. 499, 504 (1978). "[T]he 'basic purpose of [these] Amendment[s] ... is to safeguard the privacy and security of individuals against arbitrary invasions by government officials.'" *Id.* (quoting *Camara v. Municipal Court,* 387 U.S. 523, 528 (1967)).

■

A now well-established exception to the requirement that government entries be made only pursuant to a warrant is the fire emergency exception. "A burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable.'" *Id.* at 509. "[A]n entry to fight a fire requires no warrant." *Id.* at 511. It is clear, and Gonzalez does not contest, that fire fighters are justified in entering the second floor apartment of a building where a fire has occurred on the first floor to check for fire spread and injured people.

■

The "plain view" doctrine allows government agents to seize evidence that is in plain view while they are in a place where they have a right to be, if the evidence is inadvertently discovered and its criminal nature is readily apparent. *See Coolidge v. New Hampshire,* 403 U.S. 443, 466 (1971). As to the fire fighter, these conditions for seizure of evidence were all met.

First, the fire fighter had a right to be in Gonzalez' apartment for the purpose of fire control, to put out the blaze and to ensure that no new blazes were imminent. *See Monosso,* 103 Wis. 2d at 376, 308 N.W.2d at 895.

Second, the fire fighter's seeing the gun was inadvertent. He was not looking for the gun. He had not, for example, been told by the police to enter the apartment and search for weapons. Nor does such an inference arise; the apartment was not under surveillance. Finally, the criminal nature of the gun was readily apparent. The fire fighter immediately recognized the gun as an illegal, short-barreled weapon.[1]

Hence, the plain view doctrine would have allowed the fire fighter to seize the weapon at once, or place it outside the building. *See, e.g., Michigan v. Clifford,* 464 U.S. 287, 299 (1984):

> One of the fuel cans was discovered in plain view in the Clifford's driveway. This can was seen in plain view during the initial investigation by the fire fighters. It would have been admissible whether it had been seized in the basement by the fire fighters or in the driveway by the arson investigators. Exclusion of this evidence should be reversed.

Rather than move the weapon, the fire fighter in the instant case summoned a police officer.

---

[1]Gonzalez has not argued, and we do not address, whether firemen see, as readily apparent, the same evidence of crime as do police officers. Gonzalez evidently concedes that a shorter-than-legal gun can readily be determined to be such by a fire fighter. Other evidence found by other firemen may well not be readily apparent to them.

"It is, of course, enough that [the fire fighter's] discovery of the articles was 'inadvertent.' Once he observed items whose evidentiary nature was apparent, he was entitled to call in help to ascertain their significance and dispose of them properly." *United States v. Callabrass,* 607 F.2d 559, 564 n. 3 (2d Cir. 1979), *cert. denied,* 446 U.S. 940 (1980). The police officer here was part of the fire fighting effort, although he was not himself fighting the fire. His role was to control crowds and traffic in the immediate area. He was therefore part of the fire fighting team and was a colleague of the fire fighter. His sole reason for entering the apartment was to look at the guns that the fire fighter believed were illegal.

As other courts have noted, the purpose underlying a warrantless entry of fire-damaged premises is an important factor. Clearly, police may enter to assist fire fighters if they have necessary expertise in handling explosives or evaluating potential arson evidence. *United States v. Urban,* 710 F.2d 276, 279 (6th Cir. 1983); *United States v. Clark,* 617 F. Supp. 693, 697 (E.D. Pa. 1985), *aff'd,* 791 F.2d 922 (3d Cir. 1986). Gonzalez argues that fire-related purposes represent the only legitimate justification for police to enter the premises without a warrant, but we disagree. As the *Clifford* Court pointed out, a warrant is necessary to search for evidence of criminal activity that is not in plain view. "A search to gather evidence of criminal activity *not in plain view* must be made pursuant to a criminal warrant upon a traditional showing of probable cause." *Clifford,* 464 U.S. at 295 (emphasis added).

Our supreme court has approved warrantless entry by colleagues of those who have previously entered in response to an emergency, when the

purpose of the entry is to assist in seizing evidence of criminal activity in plain view. *La Fournier v. State,* 91 Wis. 2d 61, 280 N.W.2d 746 (1979). In that case, an officer, responding to a report of a possible drug overdose victim, made a lawful warrantless entry to rescue the sufferer. While there, he saw drug paraphernalia, radioed the police department for backup, and then took the victim to a hospital. Three officers soon arrived. Defendant was found in the apartment and found in possession of contraband. He protested the warrantless entry of the three officers because the exigent circumstance—a drug overdose victim—was no longer present at the time of the second entry. That is, the first officer had ended the emergency by taking the victim to the hospital and therefore, argued the defendant, no exigent circumstances justified the subsequent entry of the three officers. The court disagreed. It found that the entry of the three officers was a continuation of the first officer's lawful intrusion.

Gonzalez argues that *La Fournier* is inapplicable here because the evidence in plain view was there related to the initial entry. In essence, he argues that the drug paraphernalia was related to the overdose, as arson is related to fire. Although Gonzalez does show a relationship between the two entries in *La Fournier,* the *La Fournier* court did not rely on that relationship for its holding. *La Fournier* held that the second entry was lawful because the later-arriving officers were doing what the first officer could lawfully have done: secure evidence in plain view. "Their purpose was limited to the evidence [that the first officer] had found in plain view." *La Fournier,* 91 Wis. 2d at 69, 280 N.W.2d at 750.

Nor do we find it significant in this case that the second entrant into Gonzalez' apartment was a police officer while the first entrant was a fire fighter. Under the facts of this case, both men were part of the team effort to control the fire. They were colleagues, as were the government agents in *La Fournier.*

We hold that a fire fighter may summon a police officer colleague for assistance in seizing evidence found in plain view while exigent circumstances require warrantless entry to control and check the status of a fire. We caution, however, that a fire—or other emergency—is not a fortuitously-granted general warrant allowing the police, the INS, the IRS and the marines to follow the fire fighters into any building. *See State v. Bell,* 737 P.2d 254, 263 (Wash. 1987) (Pearson, C.J., concurring). Exigent circumstances allow warrantless entry only by those government agents with a justification for so doing. *See Urban,* 710 F.2d at 279; *La Fournier,* 91 Wis. 2d at 67–68, 280 N.W.2d at 749. A fire is an exigent circumstance that allows fire fighters to enter the endangered premises without a warrant. Only fire fighters are so justified. However, when they inadvertently discover evidence, the criminal nature of which is readily apparent to fire fighters, they may summon any of their colleagues to assist in its seizure.

Once the police officer was permissibly inside the apartment, he could seize any evidence in plain view. *Coolidge,* 403 U.S. at 466; *Clark,* 617 F. Supp. at 695–96. *See also La Fournier,* 91 Wis. 2d at 68, 280 N.W.2d at 749–50. Hence, his seeing and recognizing marijuana on the floor did not impermissibly expand the scope of the search. And once he was inside, he could, as could the fireman, summon his colleagues to assist him. "Additional officers or officials may enter

an individual's property after one officer has already intruded legally if the later officers confine their intrusion to scope [sic] of the original invasion." *La Fournier* at 69–70 n. 8, 280 N.W.2d at 750.

Since the evidence seized was obtained in a lawful manner, the trial court's order denying suppression of that evidence was correct. The judgment of conviction is affirmed.

*By the Court.*—Judgment affirmed.