**Charles J. HAZELWOOD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1998–CA–002632–MR.**

Court of Appeals of Kentucky.

Nov. 12, 1999.

Case Ordered Published by Court of Appeals Dec. 30, 1999.

Paul J. Neel, Jr., Louisville, Kentucky, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Carlton S. Shier, IV, Assistant Attorney General, Frankfort, Kentucky, for Appellee.

Before: DYCHE, GARDNER, and KNOX, Judges.

*OPINION*

DYCHE, Judge:

May a police officer make a warrantless seizure of contraband which has been inadvertently discovered, in plain view, by a firefighter during the legitimate performance of that firefighter's duties? We answer in the affirmative, and affirm.

Charles Hazelwood unintentionally set a kitchen fire in his home on March 13, 1998. A police officer was the first person to respond to the emergency call; the officer and Hazelwood were unable to extinguish the fire, and members of the Henderson Fire Department soon arrived. After the fire had been brought under control, the firefighters were conducting a procedure called "overhaul," which entails inspection of the premises to make sure that the fire had not spread to the walls or ceilings, and was, in fact, controlled.

During this procedure, a firefighter inadvertently discovered a substance he thought was marijuana in an open kitchen drawer; he notified his superior, who called the police officer back into the house. The officer seized the suspected marijuana, along with some sandwich bags and a digital scale found in close proximity to the marijuana. He then confronted Hazelwood with the discovery after informing

him of his rights. Hazelwood gave the officer more marijuana from his person, and then signed consent forms allowing the search of his car and further search of his home. These searches yielded more marijuana, fourteen bags of crack cocaine, and assorted drug paraphernalia. Hazelwood was convicted of First Degree Trafficking in a Controlled Substance, Trafficking in Marijuana, and Possession of Drug Paraphernalia, and sentenced to five years' confinement. He now appeals asserting that the search was illegal. We affirm.

Hazelwood's argument is that "the seizure was unlawful because it exceeded the reasonable limits of the emergency exception to the warrant requirement, and the reason for the seizure was to obtain evidence of a crime unconnected to the fire, which was impermissible in the absence of a search warrant." Firefighters may enter a burning building to extinguish the fire without having to obtain a search warrant.[1] Hazelwood admits this much, but argues that the police officer should have obtained a warrant prior to entering his home to search for, or seize, the contraband.

This issue has been considered by various state and federal courts, which have found a warrant unnecessary in these circumstances.[2] The minority view, requiring a warrant, is stated in *United States v. Hoffman*, 607 F.2d 280 (9 th Cir.1979).

The rationale expressed in the cases adopting the majority view is a combination of the "plain view" rule[3] and the "reasonable expectation of privacy" doctrine.[4] When the firefighters, legitimately upon the premises, make an inadvertent discovery of the contraband, they are allowed to seize the items or material. That initial intrusion being legitimately made, it is not unreasonable for a police officer to be called in to make the actual seizure. Such an entry and seizure by a police officer must be strictly limited. The firefighters must be legitimately on the premises; the discovery of the evidence or contraband must be inadvertent; the police must enter only upon request of the firefighter; the seizure must be limited to the evidence or contraband in plain view, and inadvertently discovered by the firefighter; no further search or seizure is performed; and the seizure is accomplished within a reasonable time. All these conditions were met in this case. The trial court was correct in denying the motion to suppress.

The judgment of the Henderson Circuit Court is affirmed.

ALL CONCUR.

---

1. *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

2. *State v. Bell*, 108 Wash.2d 193, 737 P.2d 254 (1987); *Commonwealth v. Person*, 385 Pa.Super. 197, 560 A.2d 761 (1989); *Mazen v. Seidel*, 189 Ariz. 195, 940 P.2d 923 (1997); *State v. Gonzalez*, 147 Wis.2d 165, 432 N.W.2d 651 (App.1988); *People v. Harper*, 902 P.2d 842 (Colo.1995); *United States v. Green*, 474 F.2d 1385 (5 th Cir.1973), cert. denied, 414 U.S. 829, 94 S.Ct. 55, 38 L.Ed.2d 63 (1973); *Steigler v. Anderson*, 496 F.2d 793 (3d Cir.1974) cert. denied, 419 U.S. 1002, 95 S.Ct.

320, 42 L.Ed.2d 277 (1974); *United States v. Brand*, 556 F.2d 1312 (5 th Cir.1977), cert. denied, 434 U.S. 1063, 98 S.Ct. 1237, 55 L.Ed.2d 763 (1978); *United States v. Gargotto*, 476 F.2d 1009 (6 th Cir.1973); and *United States v. Roberts*, 619 F.2d 379 (5 th Cir.1980).

3. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

4. *Rawlings v. Commonwealth*, Ky., 581 S.W.2d 348 (1979).