**Opinion filed April 24, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00078-CV

_____

## IN RE CHRISTOPHER M. PERRICONE

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Christopher M. Perricone,[1] has filed a second petition for writ of mandamus[2] in this court requesting that we order Respondent, the Honorable Mike

---

[1] Relator appeared pro se in the trial court proceedings below and is continuing to proceed on appeal without the assistance of counsel. Despite this, Relator, in proceeding in such a capacity, is nonetheless held to the same standards as licensed attorneys and is required to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

[2] On August 9, 2024, Relator filed his first petition for writ of mandamus in this court in cause number 11-24-00220-CV in which he challenged the temporary injunction signed by Judge Moore on June 25, 2024, after a hearing. We denied his petition on August 15, 2024 without a written opinion. *See* TEX. R. APP. P. 52.8(d).

Moore, presiding judge of the 29th District Court of Palo Pinto County, to set aside temporary orders in the underlying suit to modify an order affecting the parent-child relationship (SAPCR).

In the petition now before us, Relator contends that the temporary restraining order (TRO) signed by Judge Moore on June 6, 2024, is void because it does not adhere to the requirements of Rule 680 of the Texas Rules of Civil Procedure. Additionally, he re-urges his challenge to the temporary injunction signed by Judge Moore on June 25 after a hearing arguing that it is void under Rules 683 and 684 because it: (1) does not set a date for a trial on the merits; (2) waives the requirement for a bond; (3) lacks specificity and does not describe the acts to be restrained; and (4) "cut[s] off [his] access" to the children by requiring, among other things, counseling as a prerequisite to parent-child contact and further hearings. Finally, Relator complains that Judge Moore abused his discretion by refusing to prepare findings of fact and conclusions of law following the June 18 temporary-orders hearing. As such, Relator requests that we order Judge Moore to prepare and file findings of fact and conclusions of law.

Because we lack jurisdiction to review the TRO, and because Relator has not provided a sufficient record or otherwise established his right to mandamus relief for his other claims, we dismiss the petition in part, and we deny the petition in part. *See* TEX. R. APP. P. 52.8(a).

I. *Factual Background and Procedural History*

Relator and Real Party in Interest divorced in 2020 and were appointed joint managing conservators of their four children. On June 6, 2024, Real Party in Interest filed a petition to modify the SAPCR order in which she sought appointment as the children's sole managing conservator. *See* TEX. FAM. CODE ANN. § 156.001 (West

2

2014). She also applied for a temporary restraining order (TRO), which Judge Moore granted without notice to Relator or conducting a hearing, which frequently occurs. On June 8, Relator was served with a copy of the TRO, which stated that it was "effective immediately and shall continue in force and effect until further order of [the trial court] or until it expires by operation of law."

Relator appeared on June 18 for the temporary-orders hearing, after which Judge Moore signed a temporary injunction on June 25 that prohibited Relator's possession of and access to the children except during counseling sessions. Judge Moore waived the requirement of a bond, and ordered Relator to "attend and participate in reunification counseling" with the children. On July 1, 2024, Relator filed a request for findings of fact and conclusions of law seeking specific explanations from Judge Moore for his issuance of the TRO and temporary injunction. For instance, Relator asked why the bond was waived, what facts Judge Moore relied upon to grant the TRO, why it was granted without notice, and:

> Please explain in your answer, how a Dad sharing Scripture with his child, praying with his child, or telling his child "I love you", merits of having all his constitutional rights of access and possession to his children suspended?

Judge Moore did not prepare findings of fact and conclusions of law, and Relator has not furnished us with either a properly authenticated transcript of the June 18 hearing or a statement that no testimony was presented at this hearing in connection with the matters to which he now complains.

## II. *Mandamus Standard of Review*

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its

3

discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019); *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Mandamus is a proper remedy to challenge the issuance of a temporary order in a SAPCR, because such orders are not subject to interlocutory appeal. FAM. § 105.001 (West Supp. 2024); *see, e.g.*, *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (holding that mandamus is an appropriate remedy because a temporary order granting visitation is not appealable); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (holding that mandamus is an appropriate remedy because "the trial court's issuance of temporary orders is not subject to interlocutory appeal").

It is the relator's burden to provide the reviewing court with a sufficient record to establish the right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Pentland*, No. 03-22-00717-CV, 2023 WL 307476, at *1 (Tex. App.—Austin Jan. 19, 2023, orig. proceeding) (mem. op.). Rule 52 of the Texas Rules of Appellate Procedure requires that a petition for mandamus be accompanied by "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," *and* "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7. To ensure the integrity of the mandamus record, which is assembled by the parties in a mandamus proceeding, we must strictly enforce the requirements of Rule 52. *See Pentland*, 2023 WL 307476, at *1.

# III. *Discussion*

Relator relies on Rules 680, 683, and 684 of the Texas Rules of Civil Procedure to support his argument that the temporary orders signed by Judge Moore are void. However, pursuant to Section 105.001 of the Family Code, the trial court may issue temporary orders "for the safety and welfare of the child[ren], including an order . . . restraining a party from disturbing the peace of the child[ren] or another party," without including the specific requirements about which Relator complains here. FAM. §§ 105.001(a)(3), 156.004 (the Texas Rules of Civil Procedure apply to suits to modify the parent-child relationship under Chapter 156 of the Family Code); *see also* TEX. GOV'T CODE ANN. § 311.026 (West 2013) (conflicting statutory provisions "shall be construed, if possible, so that effect is given to both," but the special provision otherwise "prevails as an exception to the general provision").

Section 105.001(b) provides that the type of temporary orders at issue here:

> shall be granted without the necessity of an affidavit or verified pleading stating specific facts showing that immediate and irreparable injury, loss, or damage will result before notice can be served and a hearing can be held. . . . A temporary restraining order or temporary injunction granted under this section need not:
>
> (1) define the injury or state why it is irreparable;
>
> (2) state why the order was granted without notice; or
>
> (3) include an order setting the cause for trial on the merits with respect to the ultimate relief requested.

*Id.* § 105.001(b)(1)–(3). Additionally, Section 105.001 provides that the trial court "may dispense with the necessity of a bond in connection with temporary orders on behalf of the child[ren]." *Id.* § 105.001(d); *cf.* TEX. R. CIV. P. 684 ("In the order granting any temporary restraining order or temporary injunction, the [trial] court shall fix the amount of security to be given by the applicant."). Although

Section 105.001 modifies some of the requirements provided for in Rules 680, 683, and 684, it neither modifies nor waives Rule 680's duration limitations. *See* TEX. R. CIV. P. 680 ("Every temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days."); *see also In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (orig. proceeding).

In light of the foregoing, we turn to Relator's challenges to Judge Moore's temporary orders and other alleged abuses of his discretion.

A. *The June 6 TRO*

Relator argues that the TRO was not supported by specific facts showing "that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." *See* TEX. R. CIV. P. 680. Section 105.001(b) omits this requirement *if* the TRO had been in effect; however, the TRO expired by operation of law on June 20, 2024, fourteen days after its issuance. *See id.* R. 4, 680; FAM. § 105.001(b). When a TRO expires and is no longer in force, the mandamus proceeding that challenges the order is moot. *See In re Cornyn*, 27 S.W.3d 327, 331 n.11 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding) ("A TRO's expiration usually renders its challenge moot."); *In re J.S.N.*, No. 14-23-00205-CV, 2023 WL 3018010, at *3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2023, orig. proceeding) (mem. op.). Because we do not have jurisdiction to decide moot controversies, we dismiss the portion of Relator's petition whereby he contests the TRO. *See Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022).

6

B. *The June 18 Hearing and the June 25 Temporary Injunction*

Relator challenges the temporary injunction that Judge Moore signed after a hearing; the temporary injunction prohibits Relator's contact with his children and orders his participation in counseling. He contends that the temporary injunction is void because Judge Moore (1) waived the bond requirement, (2) failed to set forth the reasons for its issuance and specifically describe the acts to be restrained, (3) failed to set the case for a trial on the merits, and (4) violated Relator's constitutional rights by eliminating all access to his children.

As we have said, Judge Moore's actions about which Relator complains are specifically authorized by the Family Code. *See* FAM. §§ 105.001, 153.010 (the trial court may order a party to "participate in counseling with a mental health professional"). Moreover, "[t]he trial court has [broad] discretion when it determines issues involving custody." *In re K.B.K.*, No. 11-12-00155-CV, 2014 WL 1285784, at *3 (Tex. App.—Eastland Mar. 27, 2014, no pet.) (mem. op.); *see also Pena v. Pena*, 8 S.W.3d 639 (Tex. 1999). Although Relator argues that Judge Moore abused his discretion, he has not furnished us, as the rules require, with either an authenticated transcript of the June 18 hearing or a statement that no testimony was presented at this hearing in connection with the matter to which he now complains. *See* TEX. R. APP. P. 52.7. "[A] court of appeals may not grant mandamus relief when the petition and record require the court to speculate." *In re Cap Rock Elec. Co-op., Inc.*, 35 S.W.3d 222, 226 (Tex. App.—Texarkana 2000, orig. proceeding). Consequently, Relator has not established that he is entitled to mandamus relief.

C. *Findings of Fact and Conclusions of Law*

Finally, Relator contends that Judge Moore was obligated, and has failed, to heed Relator's timely request for findings of fact and conclusions of law. Rules 296

7

and 297 of the Rules of Civil Procedure direct trial courts to prepare and file findings of fact and conclusions of law within twenty days after a timely request has been submitted to it following "any case tried in the district or county court." TEX. R. CIV. P. 296, 297. The purpose of requesting findings of fact and conclusions of law is to narrow the bases for the trial court's judgment, thereby reducing the number of contentions the appellant must raise on appeal. *Guillory v. Dietrich*, 598 S.W.3d 284, 290 (Tex. App.—Dallas 2020, pet. denied). Trial courts should not make findings on every disputed fact; "only those having some legal significance to an ultimate issue in the case." *Id.* Ultimate or controlling issues or facts are those essential to a cause of action, and necessary to form the basis of the trial court's judgment. *In re L.J.L.C.*, No. 07-21-00061-CV, 2022 WL 3328270, at *7 (Tex. App.—Amarillo Aug. 11, 2022, no pet.) (mem. op.). In a Chapter 156 modification proceeding, for example, the controlling issues are whether the circumstances of the children, the conservators, or any other party affected by the previous order have materially and substantially changed since the order was signed, and whether modification is in the best interest of the children. *Id.*

Here, the underlying modification proceeding has yet to be "tried" within the spirit and meaning of Rules 296 and 297. *See Badger Tavern LP v. City of Dallas*, No. 05-23-00496-CV, 2024 WL 1340397, at *6 (Tex. App.—Dallas Mar. 29, 2024, no pet.) (mem. op.) ("[F]indings embedded in the trial court's temporary injunction order . . . do not carry the same weight on appeal as findings made under Texas Rule of Civil Procedure 296 and are not binding."). Moreover, the findings that Relator requested concern evidentiary issues, or were already contained within the scope of the temporary injunction and were, therefore, unnecessary. *See In re B.G.J.*, 702

S.W.3d 886, 898 (Tex. App.—Eastland 2024, no pet.)  Relator has thus failed to demonstrate that he is entitled to mandamus relief on this issue.

## IV.  *This Court's Ruling*

We dismiss, for want of jurisdiction, the portion of Relator's petition for writ of mandamus that seeks to set aside the expired TRO, and we deny the remainder of Relator's petition.


W. STACY TROTTER

JUSTICE


April 24, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.